J. W. AND CYRUS THOMPSON v. J. T. SWEARENGIN, ADM'R.

1. NEW CAUSE OF ACTION — AMENDMENT. — The original petition upon a rejected account against an administrator contained the value of each item in both coin and currency. An amendment setting out the same items, with value of each item in coin or currency, according as it was in fact made, is not a new cause of action, nor subject to exception because not presented to the administrator.

2. SAME—CHANGE OF PARTIES.—The original petition alleged that the account was made with Cyrus and J. W. Thompson, doing business under the firm-name of A. B. Thompson & Co. An amendment was made, alleging that the same account was made with A. B. Thompson, Cyrus Thompson, and J. W. Thompson, doing business under the firm-name of A. B. Thompson & Co., and that the account was made with them, alleging the death of A. B. Thompson before the institution of the suit: *Held*, That such change of the description of parties cannot be said to constitute a new cause of action.

3. CASES LIMITED.—Henderson v. Kissam, 8 Tex., 46; Whitehead v. Herron, 15 Tex., 127.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

September 11, 1869, James W. and Cyrus Thompson, commission merchants and traders, doing business in the city of Galveston under the firm-name of "A. B. Thompson & Co.," brought suit against J. T. Swearengin, administrator *de bonis non* of the estate of Mrs. M. A. Drake. The petition alleged an indebtedness of $1,468.54, with interest from June 5, 1868, for goods, wares, and merchandise sold and delivered by plaintiffs to the intestate, and for money paid out at her request and for her use; the death of Mrs. Drake on September 17, 1867; and the presentation and rejection of the account on the 7th of September, 1869. The account attached to and made part of the petition was made out in the name of "A. B. Thompson & Co.," and the value of each item in the account is carried out in coin and in currency, as also are the credits.

· In the statutory affidavit to the account, the affiant, J. W. Thompson, is described as "of the firm of A. B. Thompson & Co."

A judgment was rendered, establishing the claim, which, on appeal, was reversed. The opinion reversing the case is as follows :

"OPINION BY WALKER.—*   *   * The case presents some peculiarities. The suit is on an open account. The items are charged in 1867 and 1868. Some of them are for money, and others for plantation supplies. There are two columns of charges : the one states the items in gold, the other in United States currency, at the large premium rates which gold commanded during those two years ; and the verdict and judgment is for dollars and parts of dollars. The plaintiffs could not have such a judgment. They must bring their suit either for currency or for coin ; and if the transactions are of such a character that entitles them to a gold judgment, they may take it. It is true, they may lose by having to take their judgment now, when gold commands a lower premium than it did in 1867 and 1868. But if they are allowed to recover gold now, and the interest on their money, it is all the law will give them. It is, perhaps, useless to discuss the case further, unless it be to remark that there certainly can be no difficulty, in the District Court, in ascertaining what items in their account may or may not be properly charged to the estate of Mrs. Drake. Her estate would not be liable for money advanced to other persons, or goods sold after her death, unless the items are to be regarded as funeral expenses, or expenses necessary to the administration."

September 11, 1873, plaintiffs amended the petition, and alleged : "That on the 1st of September, 1865, and continuously from that date to the bringing of this suit, they were commission merchants, doing business in the county and city of Galveston under the firm-name and style of A. B. Thompson & Co.; that the members of said firm were A. B. Thompson, Cyrus Thompson, and J. W. Thompson ; that at the

time of the institution of this suit A. B. Thompson was dead, and plaintiffs continued the firm business as surviving partners; that during said period they were engaged in receiving and selling produce for planters and others, and in purchasing and forwarding supplies to them, and in making advances for supplies to their customers, of whom Mrs. M. A. Drake was one." The petition then stated the sale, delivery, advancement, &c., of the goods, moneys, &c., set out in the original account sued on, and set it out anew, with value to each item in coin or in currency, in accordance with the (alleged) facts, and in accordance with the opinion of the Supreme Court given above.

September 11, 1873, the defendant excepted to the amended petition, (1) because it sought to make new parties, and (2) because filed too late, more than three months after the account was rejected. The defendant pleaded in reconvention value of cotton shipped to plaintiffs by the former administrators, and not accounted for.

September 27, 1873, a jury was waived, and the parties submitted the case, upon the law and facts, to the court. The pleadings, evidence, and argument of counsel being heard, the court sustained the demurrer to the original and amended petition, and dismissed the suit. Plaintiffs appealed.

*Breedlove & Ewing*, for appellants, cited Burleson v. Goodman, 32 Tex., 229; Pars. on Part., 440, 447; Martel v. Hernsheim, 5 Tex., 205; Knight v. Holloman, 6 Tex., 153; Fowler v. Willis, 4 Tex., 46; Ward v. Wheeler, 18 Tex., 249; Werbiskie v. McManus, 31 Tex., 123; Howe v. Rogers, 32 Tex., 223; Smith's Lead. Cases, pp. 408, 413, 417, 418.

*Sayles & Bassett*, for appellee, cited Chitty's Pl., 306, 307; Adams v. Bateman, 6 Bing., 110; Henderson v. Kissam, 8 Tex., 46; Whitehead v. Herron, 15 Tex., 127; Koschwitz v. Healy, 36 Tex., 666; Garrison v. King, 35 Tex., 183; Paschal's Dig., 6827; Cole v. Dial, 8 Tex., 347; 1 Greenl. Ev.,

117 and n.; Wilbur v. Selden, 6 Cow., 162; Merrill v. I. and
O. R. R. Co., 16 Wend., 595; Armstrong v. Lipscomb, 11
Tex., 651; Kinnard v. Herlock, 20 Tex., 48; Price v. McIver,
25 Tex., 769; Kinsey v. Stewart, 14 Tex., 457; San Antonio
v. Lewis, 15 Tex., 388; McIntosh v. Greenwood, 15 Tex.,
116; Patrick v. Gibbs, 17 Tex., 275.

MOORE, ASSOCIATE JUSTICE.—The manner in which this
case was tried in the court below is neither to be commended
nor encouraged, though it was in accordance, it seems, with
the agreement of the parties. A jury was waived, and the
case submitted to the presiding judge on the facts as well as
law; but instead of ruling upon the exceptions to the peti-
tion before hearing the evidence, or passing upon the objec-
tions taken during the progress of the trial to the admissi-
bility of evidence, all the testimony offered by the parties
was admitted, subject to the decision of the court on its final
disposition of the case. The result was, that after the delay
and expense of a hearing of the entire case on the facts as
well as law, the court sustained the defendant's exceptions to
the plaintiffs' petition, and dismissed the action. The prac-
tical effect of this course of proceeding has been to deprive
the plaintiffs of the privilege of amending their pleadings, if
they desired to do so. It is equally obvious, if the case had
been decided upon the facts instead of the law, that the court
might have deemed the objections to some of the testimony
well taken; and yet, as the exceptions were not ruled upon
when made, the party whose testimony would have been ex-
cluded would be deprived of the opportunity of removing
the objection by proving the fact sought to be established by
other evidence. But however disastrously may have been
the result of such a mode of trial, as it was at their instance
or by their consent, the appellants have no just cause to com-
plain.

It does not appear, from the record, upon what precise
ground the court held the plaintiffs' petition and amended pe-

titions defective. We infer, however, from the briefs of counsel, that it must have been upon the hypothesis that a recovery was sought in the amended petition on a different account from that on which the suit was brought, and that this account had not been presented to the administrator for approval or rejection, as a claim against the estate of his intestate; and, also, that it appeared, from the petition, to be barred by limitation when the amendment was filed; or that the amended petition was, in effect, a new and different suit from that presented by the original petition, because, by amendment, it is shown that the account sued on was contracted with plaintiffs and A. B. Thompson, who, however, died previous to the filing of the original petition, while doing business under the firm-name of A. B. Thompson & Co. Yet it is to be inferred, from the original petition, that the account on which a recovery was first sought was contracted with the plaintiffs alone, in said partnership-name of A. B. Thompson & Co.

Upon neither of these grounds can the judgment of the court be sustained. Evidently the account exhibited in the amended petition is the identical account declared upon in the original petition. The only difference is, that the original account states the amount or value of the different items, when contracted in gold, at the corresponding value of currency at the time of the account of such item; while in the account as made up in the amended petition this is not done, but each item is entered just as it is in the original account, except that it is charged in gold or currency, as contracted, without stating its corresponding or convertible value in currency or gold. This was done to conform, as plaintiffs supposed, to the views expressed by this court on a former appeal. (See opinion in record.) All that can be said of it, is that it is a different statement of the account; but still it purports to be, and is in fact, the same account which was presented to the administrator and declared upon in the original petition.

The other ground is not, to my mind, so entirely void of force; and if the court was controlled in matters of this kind by the technical rules of the common law, it may be that this objection would warrant the judgment. Unquestionably the original petition, if it does not distinctly aver, certainly implies that the account declared upon was contracted with the plaintiffs, J. W. and Cyrus Thompson, as partners, doing business in the firm-name of A. B. Thompson & Co.; while the amended petition alleges that it was contracted with A. B., J. W., and Cyrus Thompson, as partners, under the like firm-name. A variance of this character, between the contract described in the petition and that offered in evidence, has frequently been held fatal. (Chitty's Pl., 306; 4 B. & A., 274.) But evidently the correction, by amendment, of any misdescription that would be fatal on an objection for variance between the *allegata* and *probata*, cannot be held to be a new suit. And while there are decisions of this court that tend strongly to support the objection, (Henderson *v.* Kissam, 8 Tex., 46; Whitehead *v.* Herron, 15 Tex., 127,) the contrary seems to have been directly decided in the case of Pridgen *v.* McLean, 12 Tex., 420, and to be maintained by other later decisions. (Williams *v.* Huling, 43 Tex., 113; McIlhenny *v.* Lee, Id., 205; Lee *v.* Boutwell, 44 Tex., 151; Kendall *v.* Riley, 45 Tex., 20.) Both the original and amended petition alleged that the account was made with A. B. Thompson & Co. It was properly verified, and presented to the administrator as an account due that firm. It was payable to the plaintiffs, and they alone were authorized to bring suit upon it when the original petition was filed. The amended petition did not declare upon a different account, or allege a liability on it to different parties, but corrected the statement in the original petition, in regard to the parties composing the firm of A. B. Thompson & Co., with whom it was contracted. By this change, we hold, under the authority of the previous decisions of this court, it cannot be said that a dif-

ferent cause of action from that presented by the original petition is set up.

Other questions are suggested in the briefs of counsel, the decisions of which might possibly hasten the final determination of the case; but as they were not passed upon in the court below, any action upon them by us would seem to be premature.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.