Opinion by
Willson, J.
§ 171. Limitation; action for damages for breach of contract, when barred,. M. sued the railroad company to recover damages for failing to deliver certain household goods shipped by him over its line of road. The contract of shipment was evidenced by writing signed by the company’s agent. The goods were received by the company July 10, 1879. This suit was filed September 1, 1882. The company pleaded the statute of limitations of two years in bar of the action. Held, 1. The cause of action arises ex contractu. The suit is one to recover damages resulting from the breach of a contract, and is not one founded upon tort. 2. The limitation applicable to such an action is that prescribed by article 3207 of the Revised Statutes, viz.: “ Every action, other than for the recovery of real estate, for which no limitation is prescribed, shall be brought within four years next after the right to bring the same shall have accrued.” 3. There is no limitation “ otherwise prescribed ” for actions to recover damages for the breach of a coiitract, except for debt or bond to convey real estate. [R. S. art. 3203.] “Debt ” does not mean “ damages,” and an action to recover damages is not an action to recover a debt. [1 Bouvier Law Die., words “Damages” and *149 “Debt.” 4. The two years’ statute of limitations was not applicable in this case, and the cause of action was not barred.
April 26, 1884.
§172. Same; amended petition. An amended petition' which did not set up a new cause of action, but merely averred more specifically the written contract sued upon, and claimed larger damages, was not affected by the statute of limitations. [W..& W. Con. Rep. §§ 428, 475, 610, 693; Killebrand v. Stockdale, 51 Tex. 529; Thompson v. Swearengen, 48 Tex. 555; Lee v. Boutwell, 44 Tex. 151.
Reversed and remanded.