INTERNATIONAL & G. N. RY. CO. v. REED. (No. 6029.)

(Court of Civil Appeals of Texas. San Antonio. May 1, 1918.)

1. LIMITATION OF ACTIONS ☞127(11)—STATUTE OF LIMITATIONS—AMENDMENT—CHANGE FROM JOINT TO INDIVIDUAL CAUSE OF ACTION.

Change in the cause of action from a joint to an individual one, made by amendment of the petition, is not the filing of a new suit, and to determine whether the cause is barred by the statute of limitations it will be considered as filed on the date of the original petition.

2. CARRIERS ☞227(1) — CARRIAGE OF LIVE STOCK — PLEADING — COMMON-LAW LIABILITY.

Where the shipper of cattle suing the carrier for damages in transit alleged that the carrier received the cattle for shipment, received the reward in payment for the services, and caused damage by its negligence, there was a sufficient allegation of the common-law liability of the carrier, which was alleged to be a common carrier.

3. APPEAL AND ERROR ☞1051(1)—HARMLESS ERROR—EVIDENCE.

Where, on trial without a jury, there was sufficient evidence properly admitted to prove the common-law liability of defendant carrier, which was pleaded, on which pleading and proof judgment against it was based, the improper admission of other evidence was harmless.

4. DEPOSITIONS ☞96 — ADMISSIBILITY — AMENDMENT—ELIMINATION OF ISSUE.

In an action against a carrier for damage to cattle in transit, the trial court did not err in permitting plaintiff to read excerpts from depositions taken before another party was dismissed from the cause as plaintiff and joint owner of the cattle and amended petition filed, alleging individual ownership, though when the depositions were offered in evidence there was no issue of joint ownership, as there was when they were taken, but only ownership by plaintiff.

5. CARRIERS ☞229(2) — CARRIAGE OF LIVE STOCK—NEGLIGENCE—MEASURE OF DAMAGE.

The amount of damage sustained by a shipper of cattle from the carrier's negligence in transit, plus 6 per cent. interest from the date of the loss, is the correct measure of the shipper's damage at the date he recovers judgment against the carrier.

Appeal from Jim Wells County Court; L. Broeter, Judge.

Suit by J. P. Reed against the International & Great Northern Railway Company. From a judgment for plaintiff, defendant appeals. Reformed and affirmed.

See, also, 189 S. W. 997.

Greer & Hamilton, of Laredo, and Wilson, Dabney & King, of Houston, for appellant. Dougherty & Dougherty and H. S. Bonham, all of Beeville, for appellee.

SWEARINGEN, J.   J. P. Reed, the appellee, and W. A. Reed brought suit against the International & Great Northern Railway Company, appellant, and against the Texas-Mexican Railway to recover damages arising from negligence in handling cattle and delay in transportation. Judgment was rendered in favor of appellee against appellant for $455.50, being the amount of the damages without interest from the date of the injury to the date of the judgment.

The cause of action originally alleged was that the cattle shipped belonged jointly to J. P. Reed and W. A. Reed. The evidence introduced upon the first trial proved that there was no joint ownership in the cattle, but that some of the cattle belonged to J. P. Reed and some to W. A. Reed. W. A. Reed was thereupon dismissed from the case and judgment was rendered in favor of J. P. Reed for the damages to the cattle that belonged to him. The evidence upon that first trial proved that no damage was caused by the Texas-Mexican Railway Company. The first judgment therefore decreed that J. P. Reed recover nothing by his suit against the Texas-Mexican Railway Company. Upon an appeal by the International & Great Northern Railway Company from the first judgment, this court held that the petition alleged joint ownership, whereas the evidence and judgment appealed from established individual ownership, and that therefore there was no pleading to support the judgment. No appeal was taken from the part of the judgment in favor of the Texas-Mexican Railway Company, which part of the decree was undisturbed by us. This court reversed the judgment against the International & Great Northern Railway Company and remanded the cause for new trial. The opinion is found in volume 189 S. W. 997.

Appellee, J. P. Reed, filed a second amended petition alleging the same cause of action set forth in the original petition except individual ownership of the cattle damaged was alleged. The Texas-Mexican Railway Company pleaded res adjudicata, which was sustained, from which no complaint is made. The International & Great Northern Railway Company by special exception and special plea urged that the second amended original petition alleged a new cause of action from that presented in the original petition, and that the new cause was barred by the statute of limitation. Upon the trial appellant objected to the introduction in evidence by appellee of depositions taken before the filing of the second amended original petition, presenting the new cause of action. The objection was overruled, the depositions introduced, all of which is presented for review and is supported by a proper bill of exception.

[1] Under its first assignment of error appellant submits the following proposition:

"The plaintiff having sued jointly with W. A. Reed for the shipment of cattle, alleging the date of the shipment to have been April 26, 1914, and the cause having remained as a joint

cause of action until the filing of plaintiff's amended petition herein, the same made a new and different cause of action from that to which defendant was cited to appear and answer, and therein and thereby the same became, was, and is barred by the statute of limitations of two years."

The rule of law here invoked as applied to facts of the present case has been clearly announced several times by our Texas Supreme Court and by the Court of Civil Appeals. The rule is that the change in the cause of action from a joint to an individual one, made by the amendment, is not the filing of a new suit. The cause of action thus changed by amendment will be considered as filed on the date of the original petition, up to which date only will the time be computed for the purpose of determining whether the cause is barred. Baker v. G., C. & S. F. Ry. Co., 184 S. W. 257; Foster v. Railway, 91 Tex. 631, 45 S. W. 376; Thompson v. Swearengin, 48 Tex. 560. The decisions above cited render further discussion of appellant's first proposition unnecessary. The first assignment is overruled.

The fifth assignment presents a similar question and for the above reasons is also overruled.

[2] The contention made by the second assignment is that the court erred in overruling appellant's exception to appellee's second amended original petition. The substance of the exception is that no cause of action was alleged against the appellant. An examination of the said second amended original petition discloses that appellee alleged that appellant received the cattle for shipment, received the reward in payment for said service, and that appellant caused the damage by its negligence. This was a sufficient allegation of the common-law liability of appellant, which was alleged to be a common carrier. The exception was overruled. We overrule the second assignment.

[3] The third assignment complains of the admission of testimony. There was no jury. If the admission of the evidence objected to was error, it is harmless error, for there was sufficient evidence properly admitted to prove the common-law liability of appellant, which was pleaded, upon which pleading and proof the judgment was based.

[4] The third assignment is overruled, and also the sixth assignment, which involves a similar question.

The fourth assignment, submitted as a proposition, is as follows:

"The court erred in permitting the plaintiff to read excerpts from depositions, over defendant's objections; that were taken before W. A. Reed was dismissed from this cause, and before this cause was reversed by the Court of Civil Appeals."

We understand, as stated by appellee:

"Appellant's sole complaint, as already stated, seems to be that when the depositions were taken there was in the case the issue of joint ownership, but that when the depositions were offer-ed in evidence at the last trial of the case there was no issue of joint ownership, but only ownership by J. P. Reed."

The trial court did not err in its ruling admitting the depositions. Kothman v. Faseler, 84 S. W. 390; Houston Co. v. Dunn, 176 S. W. 634. The following authorities cited by appellee also are relevant: Baker v. G., C. & S. F. Ry. Co., 184 S. W. 257; St. Louis, B. & M. Ry. Co. v. Green, 196 S. W. 555; Texas Midland R. R. Co. v. Cardwell, 67 S. W. 157; Thompson v. Swearengin, 48 Tex. 560; Portis v. Hill, 30 Tex. 529, 98 Am. Dec. 481. The fourth assignment is overruled.

[5] Appellee submits the following cross-assignment:

"The court having found that plaintiff, J. P. Reed, had been damaged by reason of the negligence of the defendant, International & Great Northern Railway Company, in the sum of $445.50, and that such damage was sustained on the 29th day of April, 1914, erred in refusing to render judgment in plaintiff's favor for interest on said sum of $445.50 at the rate of 6 per centum per annum from the said 29th day of April, 1914."

The trial court found it to be a fact that the damage was caused to appellee's cattle on the 26th day of April, 1914. The court further found that the negligence of appellant caused the cattle to sell for $3.30 per head less than the market price, and found that there were 135 head of cattle so damaged. This damage amounted to $445.50 on the said April 26, 1914. A correct measure of appellee's damage at the date of the judgment is the $445.50 plus 6 per cent. interest from the date of the loss. Watkins v. Junker, 90 Tex. 584, 40 S. W. 11; Steger et al. v. Barrett, 58 Tex. Civ. App. 331, 124 S. W. 174; Houston Car Wheel & Machine Co. v. Smith, 160 S. W. 435; Texas & Pac. Ry. Co. v. Erwin, 180 S. W. 662; Ft. Worth & R. G. Ry. Co. v. Montgomery, 141 S. W. 813; Sayles' R. S. art. 1985. We sustain appellee's cross-assignment.

The judgment of the trial court will be reformed by adding thereto that appellee recover of appellant the sum of $445.50, together with interest at the rate of 6 per cent. per annum from the 26th day of April, 1914, up to the date of the judgment, and interest at the rate of 6 per cent. per annum on the amount of principal and interest on the date of the judgment from that date until the said sum is paid.

As thus reformed, the judgment is affirmed.