## ACCIDENTAL OIL MILLS v. SHOEMAKE et al. (No. 6546.)

(Court of Civil Appeals of Texas. Austin. Jan. 17, 1923. Rehearing Denied Feb. 14, 1923.)

1. **Appeal and error ⚸=907(3) — Appellate court will adopt a trial court's findings on appellant's failure to file statement of facts, where facts stated in bill of exceptions do not conflict with findings.**

The appellate court will adopt the trial court's findings as its own in the absence of a statement of facts by appellant, where the facts stated in his bill of exceptions do not conflict with court's findings.

2. **Venue ⚸=8—Mere drawing of draft in another county for larger amount than due is not "fraud," within venue statute, without showing of intent to deceive and defraud payee.**

The mere drawing of a draft, payable in another county, for a larger amount than due, is not fraud within Rev. St. art. 1830, subd. 7, relating to venue in actions based on fraud unless the pleadings and the proof on hearing of defendants' plea of privilege establish that the drafts were knowingly drawn for such larger sum with intent to deceive and defraud the payee.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fraud.]

3. **Pleading ⚸=111—Proof of fraud by circumstantial evidence on defendant's plea of privilege must exclude other reasonable deductions from evidence proved.**

While fraud may be proved by circumstantial evidence on defendant's plea of privilege, such proof must be of such probative value and force to exclude other reasonable conclusions deducible from other evidence proved in the case.

4. **Pleading ⚸=111—Burden on plaintiff to prove as well as allege facts depriving defendant of right to be sued in county of domicile.**

With the venue challenged under proper plea by one sued without his county, in order to deprive him of right of trial in the county of his domicile, under Rev. St. art. 1830, subd. 7, the burden is on plaintiff to prove as well allege that his case is within one of the exceptions to the statute.

5. **Venue ⚸=8—Failure to attach to draft public weigher's certificate of weight held not circumstance of fraud without proof of fraudulent intent.**

Failure to attach to drafts public weigher's sworn certificate of weight of cotton shipment as agreed by defendant shipper, and act of drawing drafts on plaintiff for larger amounts than were due, held not to show fraud within Rev. St. art. 1830, subd. 7, authorizing action in the county where the fraud was committed without further proof of fraudulent intent or that the drafts were recklessly and carelessly drawn.

### On Motion for Rehearing.

6. **Appeal and error ⚸=1012(1)—Duty of trial court to determine facts, and its judgment based on its findings will not be disturbed, unless case decided contrary to evidence.**

It is the duty of the trial court to hear and determine the facts and its judgment based upon its findings will not be disturbed, unless the record shows he decided the case against the evidence.

7. **Venue ⚸=8—What must be proved to show constructive fraud in asserting excessive claim stated.**

One is guilty of a constructive fraud, within Rev. St. art. 1830, subd. 7, relating to venue, who, having information at hand upon which to base a claim, either innocently or by mistake or purposely, represents a claim for a larger amount than the information at hand would entitle him to, but under that rule it must be proved that the information upon which that party based his claim was different from the information at hand at the time the claim was asserted.

8. **Sales ⚸=183—Buyer has right to examine waybills attached to draft before paying and refuse payment until public weigher's certificate was attached as agreed by shipper.**

A buyer of a shipment of goods had the right to examine the waybills attached to the drafts before making payment and to refuse payment until public weigher's certificates were forthcoming according to the agreement of the shipper.

9. **Venue ⚸=8—Failure to attach to drafts public weigher's sworn certificate of weights held not "fraud," but breach of contract within venue statute.**

Failure of defendant shipper to attach to drafts public weigher's sworn certificate as agreed, and his act in drawing for sums larger than amounts due, held not fraud, within Rev. St. art. 1830, subd. 7, without proof of fraudulent intent, but a breach of contract which plaintiff buyer could have taken advantage of by refusal to pay drafts until furnished with the sworn weights or with information showing why the drafts were drawn for more than the waybills attached showed defendants were entitled to draw for.

Appeal from Williamson County Court; F. D. Love, Judge.

Action by the Accidental Oil Mills against A. B. Shoemake and others. From an order sustaining defendants' plea of privilege and transferring the cause to the county of defendants' residence, plaintiff appeals. Affirmed.

Wood & Wood, of Granger, for appellant.

Wilcox & Graves, of Georgetown, and Wilson & Johnson, of San Saba, for appellees.

BLAIR, J. This suit was instituted in the county court of Williamson county, Tex., by appellant against the appellees, for damages in the sum of $382.17, with interest, alleged

to have arisen by reason of appellees drawing drafts for payment of nine cars of cotton seed, sold and' shipped by them to appellant at Granger, Tex., for a larger amount than the purchase price of said cars of cotton seed, and further alleging that, in so drawing said drafts for a larger, sum than necessary to pay for each car of cotton seed so shipped, appellees perpetrated a fraud upon appellant in Williamson county, Tex., where said drafts were payable, to appellant's damage in the amount of such overdrafts.

Appellees filed their special plea of privilege to be sued in San Saba county, the admitted county of their residence. Appellant filed its controverting affidavit to said plea of privilege, as required by law, and sought to establish jurisdiction over appellees in Williamson county, Tex., under subdivision 7 of article 1830, Revised Statutes 1911, which provides:

"In all cases of fraud * * * suit may be instituted in the county in which the fraud was committed."

Upon a hearing of said plea of privilege, the trial court heard evidence in support of and against the same, and thereupon entered his judgment sustaining the plea of privilege, and entered his order transferring said cause to San Saba county, the admitted residence of appellees, for trial.

[1] At the request of appellant, the trial judge filed his conclusions of fact and law, and no statement of facts being filed, and the bill of exception upon which appellant relies not stating any facts contrary to those found by the trial judge, we adopt the finding of facts by the trial judge as our own:

"First. That on December 3, 1919, the plaintiff purchased from the defendant six cars of cotton seed at $67.00 per ton, f. o. b. the cars at San Saba, Tex., and that on December 12, 1919, the plaintiff purchased from the defendants three cars of cotton seed at $65.00 per ton, f. o. b. the cars at San Saba, Tex.

"Second. That the defendants contracted to furnish public weigher's sworn weights with each car of cotton seed when shipped.

"Third. That the defendants should procure a shipper's order bill of lading for each car of cotton seed and that a draft for the amount of the cotton seed contained in the car should be drawn on the plaintiff, and sent by the defendants to Granger, Tex., for payment, by the plaintiff at Granger, Tex.

"Fourth. That before defendants would sell to the plaintiff the nine cars of cotton seed they had their bank in San Saba telephone to the Farmers' State Bank of Granger, as to the payments of the drafts for the seed, and received the reply that the drafts would be paid.

"Fifth. That the defendants shipped the nine cars of cotton seed and attached a draft for each car of cotton seed to the bill of lading for the respective car and that the draft was sent to Granger by the defendants and that the drafts and each of them were paid by the plaintiff at Granger, Tex.

"Sixth. That the defendants did not furnish public weigher's sworn weights for any of the cars of cotton seed.

"Seventh. That all of said nine cars of cotton seed were shipped by the defendants to their order at Granger, Tex., and draft drawn covering each car of cotton seed with bill of lading attached, and that the defendants intended that each draft should be presented to the plaintiff at Granger, Tex., and paid by the plaintiff at Granger, Tex., and that said nine cars of cotton seed were shipped on the days, in the cars, were billed to contain the amount of cotton seed and drafts drawn for the amounts indicated below, as follows, to wit:

| Date. | Car. | Amt. of Seed, | Price per Ton. | Amt. of Draft. |
|---|---|---|---|---|
| Dec. 4, 1919 | M. C. 46045 | 46086 lbs. | $67.00 | $1546.00 |
| Dec. 13, 1919 | M. P. 17760 | 60954 lbs. | 67.00 | 2045.50 |
| Dec. 16, 1919 | M. O. 9626 | 44734 lbs. | 67.00 | 1503.00 |
| Dec. 19, 1919 | G. N. 18838 | 53096 lbs. | 67.00 | 1781.87 |
| Dec. 20, 1919 | M. O. P. 16829 | 27206 lbs. | 67.00 | 1007.85 |
| Dec. 20, 1919 | C. O. 2990 | 60104 lbs. | 67.00 | 2016.30 |
| Dec. 31, 1919 | ACL 34913 | 47730 lbs. | 65.00 | 1703.64 |
| Feb. 25, 1920 | A. V. 22273 | 39547 lbs. | 65.00 | 1270.00 |
| Feb. 28, 1920 | S. P. 87681 | 54060 lbs. | 65.00 | 1760.00 |

"Eighth. That when said cars were delivered to the plaintiff at Granger, Tex., that they contained the amount of cotton seed, at the price indicated and the amount that should have been drawn for by the defendants, as indicated below, as follows, to wit:

| | Car. | Amt. of Seed. | Price per Ton. | Proper Amt. | Loss. | Gain. |
|---|---|---|---|---|---|---|
| M. C. | 46045 | 48850 | $67.00 | $1636.47 | | $90.47 |
| M. P. | 17760 | 60250 | 67.00 | 2018.37 | $27.13 | |
| M. O. | 9626 | 44300 | 67.00 | 1484.05 | 18.95 | |
| G. N. | 18838 | 49940 | 67.00 | 1672.99 | 108.88 | |
| MOP | 16829 | 27100 | 67.00 | 907.85 | 100.00 | |
| C. O. | 2990 | 57150 | 67.00 | 1914.52 | 101.78 | |
| ACL | 34931 | 48290 | 65.00 | 1569.42 | 134.22 | |
| AV | 22273 | 38800 | 65.00 | 1261.00 | 9.00 | |
| SP | 87681 | 54500 | 65.00 | 1771.22 | | 11.22 |

"Ninth. That seven of the drafts covering seven of the cars of cotton seed were drawn for sums of money larger than they should have been drawn for, for the respective cars of cotton seed.

"Tenth. That the aggregate total drawn for in the nine drafts exceeded the amount that should have been drawn for to the amount of $399.47.

"Eleventh. That the plaintiff did not know that each draft was being drawn for improper amounts until after each draft had been paid to the defendants.

"Twelfth. That the first and last cars of cotton seed shipped by the defendants was billed to contain, and actually did contain more cotton seed than was drawn for.

"Thirteenth. That three of the cars of cotton seed were billed to contain, and did contain, less cotton seed than that drawn for. That the amount drawn for covering these three cars of cotton seed exceeded the amount invoiced or billed for, in the aggregate sum of $336.00.

"Fourteenth. I find that the plaintiff believed the drafts were drawn for the proper amounts when each of said drafts were paid by the plaintiff at Granger, Tex.

"Fifteenth. I find that the defendants and each of them reside in San Saba in San Saba county, Tex., and so resided in said San Saba, San Saba county, Tex., at the time of the institution of this suit, and at the time of the service of citations and at the time of the filing of the plea."

Appellant, by its pleadings, showed a written contract for the shipment of the various cars of cotton seed; the drawing of the drafts in payment thereof, some for a larger and some for a lesser amount than they were entitled to, by reason of the amount of the cotton seed contained in said cars; also pleading the failure of appellees to accompany each draft with the public weigher's sworn certificate of weights; and alleging the following general allegation by which it sought to obtain venue of this suit:

"That defendants acting as aforesaid, fraudulently and with intent to defraud the plaintiff herein, drew drafts in excess of the amount that was supposed to have been drawn and falsely and fraudulently represented the said cars to contain in the aggregate more cotton seed than was contained in said cars; that said drafts were drawn on the plaintiff by the defendants and sent to Granger, with bill of lading attached; that the plaintiff herein paid said drafts at Granger, Tex., before cars of cotton seed arrived and before it knew that drafts had been drawn in excess of the amount for which they should have been drawn and that the drawing of the drafts as herein alleged constituted a fraud upon the plaintiff."

The question presented to us by the pleadings and evidence in this case, for our determination, is: Does the record as presented disclose such a state of facts as to justify us in holding that a constructive or legal fraud had been perpetrated, of sufficient merit to authorize a suit without the county of those charged with the fraud, under subdivision 7 of article 1830, Revised Statutes of 1911? We think the facts as presented to us do not warrant us in so holding.

In the case of Landa v. Hunt (Tex. Civ. App.) 45 S. W. 860, which is the only case we find presenting a similar state of facts, it is held that—

"If the defendants, residing in Wichita county, drew a draft upon the plaintiff, based upon a false claim, with the intention of deceiving and defrauding the plaintiff, and intended that it should be paid in Comal county, this, upon payment of the draft, would be a fraud in law, and, if such a state of facts was shown, we think the statute would give jurisdiction in the county where the fraud was perpetrated—the final act thereof being the presentation to and payment by the plaintiff in the county of his residence."

[2, 3] The mere drawing of a draft, payable in another county, for a larger amount than due, is not fraud in law, unless the pleadings and the proof should go further and establish that it was knowingly drawn for such larger sum, with the intention of deceiving and defrauding the payee. This proof of fraud may be made by circumstantial evidence, as appellant sought to do in this case, but such proof must be of such probative value and force to exclude other reasonable conclusions that might be deducted from other evidence in the case. The circumstances which appellant relies upon in this case do not do this. It cannot be contended, with any good reason, that the drafts could have been drawn for the exact amount is a circumstance of fraud, for it might be that they were drawn for the exact amount of the public weigher's certified weights, there being no evidence by which we can determine this fact; or that the failure to attach to drafts the public weigher's sworn weights constituted a circumstance of fraud, without the proof further showing that the drawer of the draft knew the acts complained of to be false, whether the act was one of omission or commission, and so knowing, and with intent to injure the payee, withheld the weigher's certificates and drew such drafts for a larger amount than was due; or that appellees, without knowing the acts to be false, so recklessly and carelessly drew the drafts as to constitute legal fraud. The facts in this case do not warrant such conclusion, for it appears that appellees actually drew two drafts for a lesser amount than they were entitled to, and the trial judge, hearing all the evidence, found that it did not warrant a finding that a fraud had been perpetrated, and such finding by the trial judge will not be disturbed by this court, especially where no statement of facts is filed, and where the bill of exception relied on fails to set forth any facts contrary to those found by the trial judge. Nat. Bank of Garland v. Gough (Tex. Civ. App.) 197 S. W. 1119; Int. & G. N. Ry. Co. v. Reed (Tex. Civ. App.) 203 S. W. 410.

The Supreme Court, in the case of Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896, held that to deprive a defendant of the right of a trial in the county of his domicile, the case against him must be within one of the exceptions to article 1830 of the Revised Statutes. With the venue challenged under proper plea by one sued without his county, as is admitted in this case, the burden, not only to allege, but to prove, that the case is within one of the exceptions to the statute, rests upon the plaintiff—citing Pecos & N. T. Ry. Co. v. Thompson, 106 Tex. 460, 167 S. W. 801; Hilliard v. Wilson, 76 Tex. 184, 13 S. W. 25; Durango Land & Timber Co. v. Shaw (Tex. Civ. App.) 165 S. W. 490; Cloyd v. Sacra (Tex. Civ. App.) 175 S. W. 456; Graves v. McCollum & Lewis (Tex. Civ. App.) 193 S. W. 217. The doctrine announced in the Landa-Hunt Case, supra, was again announced in 193 S. W. 217, supra.

We are of the opinion that appellant, on the hearing of the plea of privilege, failed to meet the burden resting upon it to prove a cause of action for fraud committed in Williamson county. We are, therefore, of the opinion that the judgment of the trial court should be affirmed.

Affirmed.

### On Motion for Rehearing.

[6] Appellant, in its motion for rehearing, very earnestly insists that it has proven such a constructive fraud by appellees as to entitle it to bring the suit in question in Williamson county, under and by virtue of article 1830, subd. 7, of the Revised Statutes, and asks this court to point out in what particular it had failed; to prove the alleged constructive fraud.

We are of the opinion that we sufficiently pointed out this failure in our opinion; but, owing to the earnest insistence of appellant's counsel, we will try to do so in another way which may be clearer. We hold in this particular that most of the matters complained of by appellant are matters of which he should have convinced the trial judge on the hearing of this plea, whose duty it was in this case to hear and determine the facts, as we are not authorized to disturb his judgment based upon his finding of facts, unless the record shows that he decided the case against the evidence, which we do not find to be true in this case.

[7] Appellant presented numerous authorities defining constructive fraud, as well as authorizing a suit to be brought without the county of one's residence charged with constructive fraud, under and by virtue of the provisions of the above statute; but in none of these cases do we find that a party charging constructive fraud is excused from proving it. Appellant in this case relies upon that line of decisions holding that one is guilty of a constructive fraud who, having information at hand upon which to base a claim, either innocently or by mistake or purposely, represents a claim for a greater amount than the information at hand would entitle him to. This is a correct rule of law, and, had appellant proved that the information upon which appellees based their claim was different from the information they had in hand at the time the drafts were drawn, a constructive fraud would have been proved, even though it was a mistake, or was innocently done on the part of appellee; but appellant failed to do this.

[8] The trial court found that the public weigher's sworn weights should have been furnished by appellees, and that they were not furnished. The waybills attached to the drafts, in some instances, were for more and in some instances less than the drafts attached, showing appellees were basing their claims upon something different from the waybills. These appellant had a legal right to examine, notwithstanding its contention to the contrary. Appellant also had the right to refuse payment of the drafts until the public weigher's certificates were forthcoming, notwithstanding its counsel's contention to the contrary. It is nowhere shown that the waybills attached were issued and based upon the public weigher's sworn weights. We have not the sworn weights in this case, due to the failure of appellant to have them brought into the trial, in order that we might determine whether or not these weights were correctly figured in the drafts drawn by appellees, which would have been an easy matter for appellant to have done by taking the deposition of the public weigher, who is charged by law with the duty of keeping records of this character, and thereby giving the court substantial proof that appellees drew the drafts, if it was so shown, for amounts more than the public weigher's weights entitled them to, thereby perpetrating a constructive fraud upon appellant, even though appellees had made a mistake, or were innocent in their action in the matter, without appellant having to prove that they had knowledge thereof, or without proof that the same was known to be false by appellees.

[9] Appellant failed to prove that the information at hand of appellees was different from that upon which they based their drafts, and as the record stands before us, as stated in our opinion herein, the drafts may be for the exact amount that the weigher's certificates showed appellees entitled to, and the failure to attach the drafts to the public weigher's sworn certificate is not fraud, and the trial judge did not so hold it to be; but it was a breach of contract which appellant could have taken advantage of at the time and refused to pay the drafts until it was furnished with such sworn weights, or with information why the drafts were drawn for more than the waybills attached showed appellees were entitled to draw for. The trial judge nowhere in his finding of facts found that the claims were based upon a false representation, but merely found that they were drawn for a larger amount, as shown by the weights of the cotton seed at destination, than appellees were entitled to under said destination weights, which discrepancy we might assume with as good reason, in this case, occured by leakage in cars in transit, as we can assume that a fraud had been perpetrated by system, as contended by appellant in his motion for a rehearing. As stated above, it is not shown that the waybills issued by the railway company and attached to the drafts were based upon the public weigher's sworn weights, which would have been a very easy matter for appellant to have shown, by taking the deposition of the agent issuing

the same, and thereby giving this court, as well as the trial court, substantial proof of its claim that a constructive fraud had been perpetrated upon it.

We are of the opinion that we correctly decided this case in our opinion herein, and the motion for rehearing is overruled.

Motion overruled.