THOMPSON et al. v. PICKETT & GOLIGHTLY. (No. 1906.)

(Court of Civil Appeals of Texas. El Paso. Nov. 4, 1926.)

1. Pleading ⬅45—To maintain suit in county other than defendants' residence, plaintiffs must plead some exception to statute (Rev. St. 1911, art. 1830).

In order to maintain suit against defendants in county other than their residence, it was incumbent on plaintiffs to plead and prove some exception to Rev. St. 1911, art. 1830, requiring suits to be brought in county of defendant's domicile.

2. Venue ⬅8—Conspiracy to evade payment of just debt was not fraud entitling plaintiff to bring suit in county where alleged conspiracy took place (Rev. St. 1911, art. 1830, subd. 7).

Conspiracy of defendants to evade payment to plaintiffs of real estate commission was not actionable, unless something was done in furtherance of scheme which resulted in damage, and was not fraud entitling plaintiff to bring suit in county where alleged conspiracy took place, in view of Rev. St. 1911, art. 1830, subd. 7.

3. Venue ⬅22(3)—Where evidence shows no cause of action against resident defendant, plea of privilege of nonresident defendants must be sustained (Rev. St. 1911, art. 1830, subd. 4).

Where, on hearing of plea of privilege, evidence failed to show a cause of action against the resident defendant, the nonresidents' plea of privilege should be sustained, under Rev. St. 1911, art. 1830, subd. 4.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Suit by Pickett & Golightly against R. M. Thompson, Maude Thompson, and another, in which the Thompsons filed pleas of privilege. From a judgment overruling the pleas of privilege, defendants named appealed. Reversed and remanded, with instructions.

Chandler & Chandler, of Stephenville, for appellants.

R. L. Thompson, of Stephenville, for appellees.

HIGGINS, J. Appellees sued R. M. Thompson, of Freestone county, Maude Thompson, of Navarro county, and Bob Burdom, alleged to be a resident of Erath county, to recover a commission for alleged services performed in effecting a sale of a ranch situate in Erath county, owned by the Thompsons and sold to J. B. Wadlington. Purdom was the ranch foreman or manager. The Thompsons filed pleas of privilege to be sued in the counties of their residence. The plaintiffs' controverting affidavit adopted the allegations of their petition to sustain the venue in Erath county. Upon hearing the pleas of privilege were overruled and the Thompsons appeal.

[1] In order to maintain the suit against the Thompsons in Erath county, it was incumbent upon the plaintiffs to plead and prove some exception to the statute requiring suits to be brought in the county of the defendant's domicile. Article 1830, R. S. 1911; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; Richardson v. Cage Co., 113 Tex. 152, 252 S. W. 747.

Appellees rely upon the exceptions contained in subdivisions 4 and 7 of article 1830, R. S. 1911.

[2] In an effort to fix the venue in Erath county under subdivision 7, it was alleged that Purdom and R. M. Thompson conspired and confederated together in that county to defraud the plaintiffs of their commission. It was not alleged that the conspiracy accomplished its purpose or that damage of any kind resulted from the same. However reprehensible it may be in morals to conspire to evade the payment of a just debt, we hardly think it actionable per se. No civil liability attaches unless something is done in furtherance of the scheme which results in damage. 12 C. J. 581. The petition states no cause of action for fraud; nor does the evidence adduced upon the hearing show any conspiracy or confederation whatever. Therefore the venue, as laid, cannot be sustained under subdivision 7.

[3] In order to sustain the same under subdivision 4, it was necessary to allege and prove a cause of action against Purdom for the recovery of the commission and that he lived in Erath county. Richardson v. Cage Co., supra. We doubt if the petition states such a cause of action, but assuming that it does, the evidence upon the hearing fails to show a cause of action of any kind against Purdom; nor does the evidence show that he is a resident of Erath county. In this state of the evidence the venue in Erath county is not sustained under subdivision 4, and the pleas of privilege should have been sustained.

Reversed and remanded, with instructions to change the venue of the suit as to the Thompsons, to Freestone or Navarro county.

Reversed and remanded, with instructions.