## MILLARD v. MIKSCH.
### No. 8407.

Court of Civil Appeals of Texas. San Antonio. April 9, 1930.

Adams & McAlister, of Nacogdoches, for appellant.

Johnson & Jeffrey, of Carrizzo Springs, for appellee.

COBBS, J.

This suit was filed by appellee in the county court of Dimmit county against appellant, to recover the sum of $400, alleged to be due on a brokerage or commission account. In due time, appellant, who resided in Nacogdoches county, filed his plea of privilege to be sued in that county.

Appellee filed his controverting affidavit, alleging that appellant had perpetrated a fraud upon him, in that appellant never intended to comply with his promise to pay appellee his commission for securing a purchaser for appellant's land.

Upon a hearing thereof, the plea of privilege was overruled by the court, and afterwards the case was tried on its merits and judgment rendered in favor of appellee for the amount sued for. From this judgment appellant has appealed to this court.

Appellant has prepared and filed a brief, but appellee has filed none. We really cannot, from the record, determine what his contention is, in the absence of his brief.

There is no legal ground shown, nor any evidence introduced, that justifies the sustaining of any such suit. We cannot see how any man can be sued in any county outside of his residence, without his consent, because he at the time of making the contract never intended to perform it. We do not think this creates a cause of actionable fraud, or such as waives the right for one to demand that he be sued at the place of his own residence. In such causes such suits must be predicated upon some open facts "not upon 'the thought behind the brow." It must be shown that the case comes within one of the exceptions of the statute. Accidental Oil Mills v. Shoemake et al. (Tex. Civ. App.) 254 S. W. 385; Thompson et al. v. Pickett & Golightly (Tex. Civ. App.) 288 S. W. 256.

There is no fraud charged, alleged, or proven that would justify the judgment in this case. It is therefore the judgment of this court that said judgment be reversed, with instructions to the clerk of the county court of Dimmit county to transfer the case, together with the record and papers, to the clerk of the county court of Nacogdoches county, for further proceedings therein.