### CORN et ux. v. WILMETH et al.
### No. 3708.

Court of Civil Appeals of Texas. Amarillo.
Jan. 6, 1932.

Rehearing Denied Jan. 27, 1932.

Works & Bassett, of Amarillo, for appellants.

H. C. Stinnett, of Pampa, and Birge & Nelson and Madden, Adkins, Pipkin & Keffer, all of Amarillo, for appellees.

RANDOLPH, J.

This suit was filed in the district court of Potter county, Tex., by the International Harvester Company of America, as plaintiff, against W. L. Corn and wife to recover upon two notes and to foreclose a chattel mortgage upon certain machinery.

The defendants filed their answer, consisting of a general demurrer and general denial, and also a cross-action against the plaintiff and the Spearman Hardware Company, a partnership composed of Walter W. Wilmeth and P. B. Higgs, alleging that the last-named defendants resided in Hansford county.

The cross-defendants filed their plea of privilege to be sued in Hansford county.

The cross-plaintiffs Corn and wife duly filed their controverting affidavit.

On the hearing upon the issues arising under the plea of privilege and the controverting affidavit, the trial court sustained the

plea of privilege and ordered the case, as against defendants Wilmeth and Higgs only, transferred to Hansford county district court. From this order sustaining such plea of privilege and ordering the case as to said Wilmeth and Higgs transferred to Hansford county, the defendants Corn and wife have duly appealed to this court.

The appellants have assigned five errors as having been committed by the trial court on the hearing of the plea of privilege and the transfer of said part of the case to Hansford county.

The first assignment is based upon alleged error in such ruling for the reason that the pleading, controverting affidavit, and evidence of defendants presented a joint bona fide claim and cause of action against defendants Wilmeth and Higgs and the plaintiff, and also in the assignment making an extended statement in support of same.

The second and third assignments present other phases of the same contentions, together with ample statements under each.

Assignment No. 4 charges the trial court with error in refusing to permit defendants Corn to file their second amended original answer and cross-bill before the hearing on said plea of privilege, in which they sought to specifically plead conspiracy and collusion between plaintiff and the Spearman Hardware Company, then composed of Walter W. Wilmeth and P. B. Higgs, and the perpetration of fraud upon said defendants by such collusion and conspiracy.

The defendant Maude M. Corn testified as follows: That she lives in Hansford county and her post office address is Morse. That at the time these notes were given involving this machinery purchased, they were improving the place "over there," but are now residing on their farm in said county. That Mr. Corn was not at home at the time she purchased the tractor involved in this suit and gave an order for it, which Mr. Corn never did sign. That she negotiated the purchase of the tractor with a man named Powers, who was sales agent of defendants Wilmeth and Higgs. That she had no dealings with Mr. Wilmeth or Mr. Higgs.

Mr. Powers stated to her as to the tractor as to what it would do and the kind of tractor it was, it was just a general sales talk that a man would make in selling his tractor. She looked at other tractors and was contemplating buying another in Spearman, but Powers convinced her that his tractor was the best. He said that it would pull a seven-disc plow. She told him she wanted it for plowing sod and he knew the nature of the land and the work that she wanted to do with it, for he had been living in the country for 35 or 36 years; and she told him what she wanted it for and he said it would pull a seven-disc sod plow and that it burned coal oil

for fuel and that was an economical fuel then for it was selling for 9 cents.

That she went out in the field several times to see if the tractor was operating and it was not. They sent a man there several times and it still did not operate, and defendants Corn have had trouble with it all the time. That is all she knew about it. As to the tractor, she testifies: "You could pull a one-way with it all right." That is, six discs, she thought, but was not sure. A one-way is supposed to be used on ground that has been plowed. It did not pull six discs in sod when she was watching it. When Mr. Corn came home she turned it over to him. At the time she purchased the tractor, she also purchased a plow to be used in connection with it. Powers sold her seven discs to be used. There were six discs in stock and he sold her the seventh disc to be put on afterwards.

As to the coal-oil burning part of it, she knew that it burned gasoline all the time because it would not burn coal oil. As to Powers saying anything about making notes payable in Amarillo after maturity, if they did not pay them at maturity, she understood they sold their notes "over here" or passed them on to this International after so long a time. She just agreed to the general form of writing the note. She read the notes, but does not remember exactly the details of it.

She closed the deal for the tractor and had it carried over to her place before Mr. Corn came back. That she would not have done it if she had not believed it would pull the seven discs. She believed that absolutely when she bought it and would not have taken it if she had not believed and thought it would use the kerosene.

There is other testimony along the same line to establish the fact that the tractor would not work and that the defendants Wilmeth and Higgs had a man out there trying to make it work and later, after it appears that the International Harvester Company had purchased the notes from Wilmeth and Higgs, they had been out there to see if it could be made to work and that it never did.

It appears from the record that the notes were given to the Spearman Hardware Company and before maturity transferred to the International Harvester Company by the defendants Wilmeth and Higgs under their names.

Assignment No. 5 is that the court erred in sustaining the objection of attorneys for Wilmeth and Higgs to the introduction in evidence of the controverting affidavit and answer of defendants W. L. Corn and wife for all proper purposes and refusing to admit same in evidence except to show what the controversy is about and the issues that are made in connection therewith and in admitting same in evidence for said purpose but not as proof of any fact contained therein.

We have diligently searched the statement of facts and find no evidence of common interest or of conspiracy between the plaintiff and the defendants Wilmeth and Higgs, such as would justify the trial court in refusing to transfer the case of cross-plaintiffs Corn and wife against the defendants Wilmeth and Higgs to the Hansford court. While the cross-plaintiffs urge that the court's action violates the policy of our courts as to the multiplicity of suits, it is often necessary to ignore such policy in order to protect valuable rights of other parties. For this reason the courts do not always follow the policy of requiring parties at litigation, in order to avoid a multiplicity of suits, to litigate their claims in one suit. The privilege of being sued in the county of one's residence has been held many times to be a valuable right, and in order for a party to maintain a suit against another in a county other than the county of his residence, the facts authorizing it must be clearly shown. Russell v. Green (Tex. Civ. App.) 214 S. W. 448; Chamberlain v. Fox (Tex. Civ. App.) 54 S. W. 297; Lasater v. Waits, 95 Tex. 553, 68 S. W. 500; Brooks v. Wichita Mill & Elev. Co. (Tex. Civ. App.) 211 S. W. 288; Finkelstein v. M. H. Reed & Co. (Tex. Civ. App.) 15 S.W. (2d) 110; Allis-Chalmers Mfg. Co. v. Mitchell (Tex. Civ. App.) 283 S. W. 560; Burns v. Napier (Tex. Civ. App.) 19 S.W.(2d) 578–580.

The burden of proof is on the party who is seeking to hold another in a jurisdiction other than his own county, to show that the suit comes within one of the exceptions to the general article requiring the defendant to be sued in his own county.

The burden of proof being on the cross-plaintiffs Corn and wife to clearly show that their case against Wilmeth and Higgs came within one of the exceptions made in the suit and they having failed to prove such facts as would constitute an exception, they were not entitled to have the trial court overrule the plea of privilege.

The appellants' complaint of the refusal of the trial court to permit them to file their amended pleadings cannot be sustained. Under the circumstances in this case it was a matter within the discretion of the trial judge—which it does not appear that he abused. American Rio Grande Land & Irr. Co. v. Barker (Tex. Civ. App.) 268 S. W. 506.

The trial court refused to permit the introduction of the controverting affidavit in evidence, as evidence of the alleged facts therein set out, but did permit same to be introduced in evidence only for the purposes of showing what the controversy was about and the issues made thereby. The trial court's ruling was correct. Cook

et ux. v. Guzman (Tex. Civ. App.) 19 S.W. (2d) 855; Waxahachie National Bank v. Sigmond Rothschild Co. (Tex. Civ. App.) 235 S. W. 633.

We therefore affirm the trial court's judgment.