### MASSEY–HARRIS CO. v. BUSCH.
### No. 9453.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 14, 1934.

Rehearing Denied Dec. 12, 1934.

Worsham, Rollins, Burford, Ryburn & Hincks and Logan Ford, all of Dallas, for appellant.

A. B. Crane and M. J. Glarner, both of Raymondville, for appellee.

BICKETT, Chief Justice.

This suit was instituted by J. A. Busch against the Massey-Harris Company, a foreign corporation, alleging false representations as to a tractor purchased by plaintiff and seeking the recovery of the cash purchase price paid, the cancellation of purchase-money notes, and the recovery of $500 as alleged damages for loss of crop. Defendant has appealed from an order of the district court of Willacy county overruling a plea of privilege asserting the right to be sued in Dallas county, where its principal office in the state is situated.

Appellant's plea of privilege was good under subdivision 27 of article 1995, Revised Civil Statutes of Texas (1925), unless it was overcome by appellee's controverting plea, under subdivision 7 of the same article (as amended by Acts 1927, 1st Called Sess., c. 72, § 1 [Vernon's Ann. Civ. St. art. 1995, subd. 7]), that the case is one of fraud committed in Willacy county, or under subdivision 27 of the same article, that the cause of action, or a part thereof, arose or accrued in that county. Both contentions of appellee rest upon the same alleged fraudulent representations.

Appellee executed a purchase order agreement, dated July 1, 1930, addressed to the Massey-Harris Company, agreeing to purchase a tractor and a power lift disc (plow) for $1,515, of which $570 was paid in cash and the balance was represented by two notes for $472.50 each. The agreement provided: "It is further agreed and understood by parties hereto that this contract contains the entire agreement between the parties and that no verbal agreements have any application hereto." Appellee received the tractor, which gave satisfactory performance for, at least, several months, made additional payments on the notes, and executed renewal notes. Appellee filed this suit on July 29, 1933, seeking relief by way of rescission and damages, as stated above.

We have carefully examined the entire record, and find that appellee failed to make out a prima facie case against appellant by either the pleadings or the evidence. The plea of privilege should therefore have been sustained. Kasch v. Williams (Tex. Civ. App.) 251 S. W. 816; Miller Mfg. Co. v. Provine (Tex. Civ. App.) 17 S.W.(2d) 128; Beale v. Cherryholmes (Tex. Civ. App.) 21 S.W.(2d) 65; Millard v. Miksch (Tex. Civ. App.) 27 S.W.

(2d) 290; Corn v. Wilmeth (Tex. Civ. App.) 45 S.W.(2d) 329.

The judgment of the district court will be reversed and rendered, and the cause ordered transferred to one of the district courts of Dallas county.