**POWELL v. GOLDSMITH et al.**
No. 5959.

Court of Civil Appeals of Texas. Texarkana.
June 11, 1942.

Rehearing Denied July 9, 1942.

Frank C. Bolton, of Henderson, for appellant.

Pollard, Lawrence & Reeves, of Tyler, Paul A. McDermott, of Fort Worth, and W. Dewey Lawrence and Willis Jarrel, both of Tyler, for appellees.

HALL, Justice.

This is an appeal from an order of the District Court of Rusk County, sustaining pleas of privilege of appellees, Osher Goldsmith and wife, Ida Goldsmith, to be sued in Smith County, Texas, the place of their residence. Appellant instituted the main suit, out of which this action grew, in Rusk County against appellees for debt, in which it was alleged that: " * * *

on or about the 24th day of January 1939, the defendant Osher Goldsmith approached plaintiff in Overton, Rusk County, Texas, and at which time and place he then and there agreed to pay said plaintiff at said place in Rusk County, Texas, the several and respective sums of money as alleged in said petition, supra; and at which time and place in Rusk County, Texas, the said Osher Goldsmith did then and there with intent to defraud the said W. C. Powell out of said money, did falsely and fraudulently represent to him that the said Osher Goldsmith would pay said money out of the proceeds he received and was receiving from the sale of his proportionate part of the oil and gas produced, saved, sold and marketed from the oil and gas wells set out in paragraph 3 of said petition, supra, and which oil and gas was being purchased by the defendant Sinclair-Prairie Oil Marketing Company, a corporation duly incorporated and doing business as a common carrier as set out in paragraph 7 of said petition, supra, who is a necessary and proper party to this suit; and which fraudulent designs, purposes and intents of said defendant to cheat, wrong and defraud his partner W. C. Powell is further shown by the fact that instead of the said Osher Goldsmith paying his partner the money he had agreed to pay him, and which he failed to do, and in violation of his sacred promise and obligation to his said partner, he, the said Osher Goldsmith assigned said property to his wife, Ida W. Goldsmith, as set out in paragraph 5 of said petition, and he did this for the purpose and with the intent to defraud his partner W. C. Powell out of the money that the said Osher Goldsmith owed the said Powell."

Appellees, Goldsmith and wife, filed pleas of privilege to be sued in Smith County. Appellant in due time controverted these pleas, and the trial of the issue thus joined was before a jury. At the conclusion of the testimony the trial court, upon motion of appellees, peremptorily instructed the jury to return a verdict in their favor.

By point 2 appellant contends that he "produced sufficient evidence of probative force to raise an issue of fact as to the intent of appellee, Osher Goldsmith, to defraud appellant in Rusk County, Texas, out of the money he agreed to pay appellant in Rusk County, Texas, and the court erred in instructing the jury to return verdict in favor of appellees. * * *" Appellant seeks to maintain venue of his main suit in Rusk County under Section 7, R.S. Article 1995, Acts of 1927, Vernon's Ann.Civ.St. art. 1995, subd. 7, to-wit: "In all cases of fraud * * * suit may be brought in the county where the fraud was committed * * *."

From a search of the entire record, we fail to find any evidence establishing or tending to establish fraud on the part of appellees with respect to an existing or past fact. The evidence does raise an issue as to mode and manner of future payment by appellees of their indebtedness to appellant. This evidence, though, taken as admitted, amounts to nothing more than a promise to pay at some future date. A breach on non-performance of such a promise is not "alone, even evidence of fraud." 12 R.C.L. 254, Sec. 21. "There can be no fraud without misrepresentation of a past or existing fact or something equivalent thereto." 26 C.J. § 7B, p. 1065. There is no testimony here raising an issue of fact as to any fraud practiced by appellees upon appellant with respect to the creation of the indebtedness, the subject matter of the main suit, but as said before, it all refers to the time and manner of payment. In Millard v. Miksch, Tex.Civ.App., 27 S.W.2d 290, it is said: "There is no legal ground shown, nor any evidence introduced, that justifies the sustaining of any such suit. We cannot see how any man can be sued in any county outside of his residence, without his consent, because he at the time of making the contract never intended to perform it. We do not think this creates a cause of actionable fraud, or such as waives the right for one to demand that he be sued at the place of his own residence. In such causes such suits must be predicated upon some open facts 'not upon the thought behind the brow.' It must be shown that the case comes within one of the exceptions of the statute. Accidental Oil Mills v. Shoemake et al., Tex.Civ.App., 254 S.W. 385; Thompson et al. v. Pickett & Golightly, Tex.Civ.App., 288 S.W. 256." See also Oakes & Witt v. Thompson, 58 Tex.Civ.App. 364, 125 S.W. 320; Massey-Harris Co. v. Busch, Tex.Civ.App., 76 S.W.2d 807; Beale v. Cherryhomes, Tex.Civ.App., 21 S.W.2d 65; Forbes v. Cannon, Tex.Civ.App., 238 S.W. 1004. This point is overruled.

Appellant's point 1 is: "When appellees, Osher Goldsmith and wife, Ida W. Goldsmith, presented their exceptions to the trial court for a ruling thereon August 4, 1941, contained in their answer to the writs of injunction granted by the court July 15, 1941, against appellees, Sinclair-Prairie Oil Marketing Company, Tyler State Bank and Trust Company, and W. A. Pounds, Trustee, prior to the hearing on said appellees' pleas of privilege August 11, 1941, they thereby waived their pleas of privilege to have the venue of this case transferred to Smith County, Texas, the county of their residence." Sometime after the institution of the main suit, the Tyler State Bank & Trust Company and W. A. Pounds, Trustee, both of Smith County, began to claim an interest in another tract of land owned by appellees in Smith County, known as the Wiley tract, which was producing oil. The Sinclair-Prairie Oil Marketing Company was purchasing this oil. Pounds, Trustee, made demand upon the oil purchaser under his asserted deed of trust for the proceeds from the sale of oil and gas from the Wiley lease. Appellant by amended pleading made these claimants parties to the main suit, and on July 15, 1941, sought and obtained a temporary injunction restraining the Sinclair-Prairie Oil Marketing Company from paying any money from the sale of oil and gas from the said Wiley lease to the bank or Pounds, Trustee, and restraining the bank and Pounds, Trustee, from disposing of said land under their deed of trust. On August 4, 1941, appellees filed their plea in abatement seeking a dissolution of the temporary injunction theretofore granted. Subject to their pleas of privilege and plea in abatement, appellees also filed their answer to the merits which, among other things, contained several exceptions to appellant's first amended petition. The trial court in its order of August 5, 1941, permitting plaintiff to file a second amended original petition, asserts that certain of these "exceptions to plaintiff's first amended original petition" were presented to the court "for ruling thereon." On August 7, 1941, appellant filed his second amended original petition, and on August 11th the court entered its judgment sustaining appellees' pleas of privilege, transferred the case to Smith County, and dissolved the temporary injunction granted on July 15th. Although appellees, Goldsmith and wife, were not named parties to the injunction proceedings, their rights were materially affected thereby and they were certainly proper parties in a motion to dissolve same. From the record as a whole, in our opinion, the reasonable view to take of the action of appellees in presenting their plea in abatement and exceptions to the trial court is that they sought by this method only a dissolution of the temporary injunction stopping payment of their oil runs from the Wiley tract. Their answer, in three places, contains the averment that it was filed subject to their pleas of privilege, and their plea in abatement was directed solely at the injunction theretofore granted. Clearly appellees did not intend to waive their pleas of privilege. Nowhere in the record does the court make a specific ruling on either the plea in abatement or the exceptions contained in appellees' answer. The judgment deals only with the granting of the pleas of privilege and a dissolution of the injunction. The foregoing being true, the action of appellees in filing their answer and presenting their plea in abatement and exceptions would not amount to an appearance by them in the main case but only an appearance in an ancillary matter (the temporary injunction). Wolf v. Sahm, 55 Tex.Civ.App., 564, 120 S.W. 1114, 121 S.W. 561, writ refused; Aleman v. Gonzales, Tex.Civ.App., 246 S.W. 726; Thacher Medicine Co. v. Trammell, Tex.Civ.App., 279 S.W. 307. In McKinney v. Texas Life Ins. Co., Tex.Civ.App., 143 S.W.2d 789, 790, it is said: "The record discloses that, the defendant McCown filed a plea of privilege, seeking to have venue of the cause changed to the District Court of McLennan County. Plaintiff contends that, by filing the motion to dissolve the temporary writ, the defendant waived his plea of privilege. We do not think so. Although the question of venue is not properly before us for decision on this appeal, yet, in view of the contention of counsel, we express the opinion that, venue relates alone to the trial of a cause upon its merits, and not merely to interlocutory orders that have no relation to an issue, either of law or of fact, going to the merits of the case. See Thacher Medicine Co. v. Trammell, Tex.Civ.App., 279 S.W. 307; Rex Refining Co. v. Morris, Tex.Civ.App., 72 S.W.2d 687, and authorities cited." The above statement of the court, though dicta, in our opinion, states the

correct rule of law governing this case. This point is overruled.

We have carefully examined the other points advanced by appellant, they are without merit, and are overruled.

The judgment of the trial court is affirmed. ·