DECATUR LAND, LOAN & ABSTRACT CO.
v. RUTLAND et al.   (No. 1622.)

(Court of Civil Appeals of Texas. Texarkana.
April 13, 1916.)

1. ABSTRACTS OF TITLE ☞3—BREACH OF DUTY—LIABILITY.

A title abstract company, acting for the sellers of land, incurred no liability to the buyer because of its negligence in the discharge of the duty it owed, in drawing up abstract of title, not to the buyer, but to the sellers alone.

[Ed. Note.—For other cases, see Abstracts of Title, Cent. Dig. §§ 2–6; Dec. Dig. ☞3.]

2. ABSTRACTS OF TITLE ☞3—BREACH OF DUTY—RIGHT OF ACTION.

A title abstract company, which undertook, at the instance of the buyer of land, after it was informed that he contemplated the purchase and would rely on the title as shown in the abstract, to examine, correct, and complete, if incorrect or incomplete, the abstract made for the sellers, the buyer offering to pay for the service, owed the buyer the duty to diligently search for all matters of record touching the title, and became liable to him for damages suffered because of its failure to do so.

[Ed. Note.—For other cases, see Abstracts of Title, Cent. Dig. §§ 2–6; Dec. Dig. ☞3.]

3. EVIDENCE ☞83(4)—REGULARITY OF RECORD—PRESUMPTION—STATUTES.

In an action against a title abstract company for damages occasioned by breach of its duty to make diligent search for matters of record affecting the title to land purchased by plaintiff, in the absence of contrary testimony, the court had the right to presume that the county clerk discharged his duty, and, without delay, duly recorded a trust deed and noted it in the index of the Records of Mortgages and Trust Deeds of the county, as required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 6790, 6792, 6793.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 105; Dec. Dig. ☞83(4).]

4. ABSTRACTS OF TITLE ☞3—BREACH OF DUTY — NEGLIGENCE — CONCURRING CAUSE OF DAMAGE.

To render a title abstract company liable for damages occasioned a buyer of land by its negligence in failing to make diligent search for matters of record touching the title, it was not necessary that the company's negligence should have been the sole cause of the loss sustained by the buyer; it being sufficient if its negligence concurred with the sellers' fraud.

[Ed. Note.—For other cases, see Abstracts of Title, Cent. Dig. §§ 2–6; Dec. Dig. ☞3.]

5. ABSTRACTS OF TITLE ☞3—DAMAGES—LIABILITY OF EXAMINER—PLEADING.

In an action by the buyer of land against a title abstract company for damages caused by its failure to make diligent search for matters touching the record title, where plaintiff's petition alleged damages at $2,500, but did not state the items thereof, further than to allege that he paid $1,800 for the land, and the further sum of $250 on debts against it, judgment for $2,118.25 was not erroneous as in excess of the amount claimed in the petition, the sufficiency of which was not questioned because damages were not more particularly stated, while plaintiff's testimony showed that he had suffered damages in the amount of the judgment.

[Ed. Note.—For other cases, see Abstracts of Title, Cent. Dig. §§ 2–6; Dec. Dig. ☞3.]

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Suit by L. W. Rutland against the Decatur Land, Loan & Abstract Company and others. From judgment for plaintiff against the defendants, entered after dismissal as to one Shannon, a defendant, the named defendant appeals. Judgment affirmed.

This was a suit for damages brought by appellee Rutland against appellant, one Shannon, and appellees W. C. Mortimer, T. B. Weathersby, J. T. Browning, and R. L. Browning, in which, after a dismissal as to Shannon, judgment was rendered in Rutland's favor against the other parties named for the sum of $2,118.85. The judgment against Mortimer, Weathersby, and the Brownings was by default. The appeal is by the appellant abstract company alone.

In his original petition Rutland alleged as his cause of action that appellant and Mortimer, Weathersby, and the Brownings acted together in perpetrating a fraud on him, whereby he was induced to purchase and pay for a tract of land on the faith of its being unincumbered by liens, other than one for $1,100, whereas the land was further incumbered by a trust deed thereon made to secure a debt of $2,000, which trust deed was foreclosed against him, whereby he lost the land. He alleged that the fraud was perpetrated by means of an abstract of title to the land, from which mention of the trust deed was omitted. A supplemental petition filed by Rutland contained allegations as follows:

"That if said defendant Decatur Land, Loan & Abstract Company is not guilty of the frauds and collusions to defraud as alleged in plaintiff's original petition, then this plaintiff says it was guilty of gross negligence in making and certifying to said abstract and turning same over to the other defendants, thus enabling them to knowingly perpetrate a fraud on plaintiff as alleged in his original petition, and but for the said gross negligence of said defendant Decatur Land, Loan & Abstract Company, in thus making and certifying to said false abstract and turning same over to said other defendants, the fraud as alleged in plaintiff's original petition would not and could not have been perpetrated on plaintiff by the other defendants as alleged in his original petition. That after said abstract was turned over to this plaintiff for the purpose of examination, plaintiff went to the expense and trouble of sending his attorney from Commerce, Texas, to Decatur, Texas, for the purpose of interviewing said abstract company as to the correctness of said abstract, and that in said interview said attorney informed said abstract company of plaintiff's intention to purchase said lands, and that plaintiff was relying on said abstract and certificate on same for the title therein shown, said defendant Decatur Land, Loan & Abstract Company, at that time assured this plaintiff's said attorney, that said abstract and certificate was absolutely correct in every particular. That at that time in order to procure a certain release and be sure of the title to the lands as described in said abstract, plaintiff paid to said defendant Decatur Land, Loan & Abstract Company the sum of $1 in cash and offered to pay to said defendant any other sum necessary in order to be assured that said abstract was absolutely correct and the title to the lands described therein being properly shown in the abstract in every particular. That said defendant Decatur Land, Loan & Abstract Company assured the attorney of this plaintiff at that time that the title was absolutely perfectly shown in said abstract, and that said abstract was in every particular correct and true, and that thereupon after said attorney had returned to Commerce, Texas, and made report to plaintiff, as per above; plaintiff, relying on the title as shown by said abstract and certificate, completed his deal with the other defendants, and was by said other defendants acting by, with, and through the said negligence of the defendant Decatur Land, Loan & Abstract Company defrauded of his property as alleged in his original petition. And that but for the negligence of said defendant Decatur Land, Loan & Abstract Company in thus making and certifying to said false abstract and delivering the same to said other defendants, and but for the representations and assurances of said abstract company made to the attorney for plaintiff, and the false certificate attached to said abstract, and the reaffirmance of same to plaintiff's attorney, the frauds perpetrated on plaintiff as alleged would not and could not have been done."

It appears from findings made by the trial court that on November 25, 1913, Mortimer and Weathersby contracted with Rutland to sell him a tract of land in Wise county. By the terms of the agreement they were to furnish to Rutland an abstract showing the title in them to be clear of incumbrances except the one for $1,100, which Rutland agreed to assume. At that time Mortimer and Weathersby placed in escrow a deed they executed conveying the land to Rutland, to be delivered to him when the title was determined by him to be as represented by them. They then requested appellant, who was engaged in the business of making abstracts of title to lands in Wise county, to make an abstract covering the land they had agreed to sell to Rutland. Appellant, in making the abstract, failed to note therein the existence of the deed of trust mentioned above. When appellant delivered the abstract to Mortimer and Weathersby, they delivered it to Rutland, who had his attorney to go from Hunt county, where he resided, to Wise county, where appellant was engaged in business, "for the purpose of interviewing" appellant "as to the correctness and verification of said abstract." The attorney "called on said abstract company," quoting from the court's findings, "and had it re-read and examine said abstract, and informed it, the said abstract company, that plaintiff was contemplating the purchase of said lands as described in said abstract, and had contracted to purchase same provided the title was good, and that he (the plaintiff) was relying altogether on the title as shown in said abstract, and desired to know of said abstract company if said abstract was true and correct, and that said abstract company, after due examination and rereading of said abstract, and after it knew that plaintiff was intending to purchase said lands and was relying on the said abstract as to the title to said lands, reaffirmed said abstract to the said attorney of plaintiff and assured him that said abstract was absolutely correct in every particular, and that plaintiff need have no fear in relying on the title as therein shown; that said attorney then returned to his home in Commerce, Hunt county, Texas, and made a report to plaintiff as to the facts as stated above; that plaintiff through his said attorney paid to said abstract company the sum of $1 in cash to procure a certain release to some outstanding notes against the said lands and offered at that time to pay to said abstract company any other reasonable sum for the purpose of having said abstract company reaffirm and verify said abstract to said plaintiff's attorney as being absolutely true and correct in every particular; that said abstract company, at that time, by and through its secretary and manager, R. L. Thompson, assured said attorney that said abstract was true and correct, and that he knew it was for the reason that he in person had made said abstract himself, and that plaintiff need have no hesitancy in relying on said abstract as to the title to said lands and buying same on the title as shown by said abstract; that plaintiff did therefore rely on the title as shown in said abstract, and the said reaffirmance and recertifying of same and the assurances of said abstract company that same was true and correct, and thereafter closed the deal for said lands and paid the defendants Weathersby and Mortimer for same; that at the time said Mortimer and Weathersby closed said deal and accepted from plaintiff the consideration for same, they and each of them knew of the existence of the said trust deed, and that same was a

valid and subsisting lien against the said lands, but that they willfully and fraudulently represented to plaintiff that said lands were clear of all debts and liens except the $1,100 which plaintiff assumed and agreed to pay; that the defendants J. T. Browning and R. L. Browning who executed the said trust deed also defrauded plaintiff by making warranty deed to said lands and leaving out of said deed the trust deed after they had executed the same and it had been placed of record in Wise county, Texas; that plaintiff did not know of the existence of said trust deed at the time he contracted for and purchased said lands and paid the considerations for same to the said defendants Mortimer and Weathersby; that the Decatur Land, Loan & Abstract Company was guilty of negligence in making and certifying to said untrue and false abstract and in reaffirming and recertifying to same to plaintiff after it was informed that plaintiff was contemplating the purchase of said lands and was relying on the title as shown in said abstract as being true and correct; that the said trust deed above referred to was filed for record in the office of the county clerk of said Wise county, on the 20th day of June, 1913, before the said abstract was certified to on the 1st day of December, A. D. 1913; that same was duly recorded in volume 29, p. 256, of the Records of Mortgages and Trust Deeds of Wise county, Texas, and was duly recorded by said clerk on the 28th day of June, A. D. 1913; that plaintiff never knew of the existence of said trust deed until some time in July, A. D. 1914, and that he had said lands taken away from him by said trust deed being foreclosed and the said lands sold under the terms of same; that plaintiff was therefore damaged the amount he had paid out in purchasing said lands and in getting possession of same and what he paid out on the notes he had assumed, which the court finds to be the sum of $2,118.85, and that he was so damaged by the willful fraud and collusion to defraud of the defendants W. C. Mortimer, T. B. Weathersby, R. L. Browning, and J. T. Browning and the negligence of the defendant Decatur Land, Loan & Abstract Company; that but for the said negligence of the said Decatur Land, Loan & Abstract Company, as herein found, the said fraud could not have been perpetrated on plaintiff by the other defendants."

McMurray & Gettys and Ratliff & Spencer, all of Decatur, for appellant. O. C. Mulkey, of Commerce, and Clark & Leddy, of Greenville, for appellees.

WILLSON, C. J. (after stating the facts as above). It appeared from the testimony that at the time it made and delivered the abstract to Mortimer and Weathersby appellant did not know it was not for their use alone, but, instead, was for Rutland's use in determining the condition of the title to the land Mortimer and Weathersby had agreed to sell to him. Appellant insists it therefore appeared it owed no duty to Rutland to discover and note in the abstract the existence of the trust deed, and hence that the finding of liability on its part to Rutland on the ground of negligence was unauthorized.

[1] If the finding of negligence on the part of appellant made the basis of the judgment against it had to be referred to the transaction between it and Mortimer and Weathersby, its contention, perhaps, should be sustained, for by the rule applicable to such a state of facts recognized by the weight of authority, appellant incurred no liability to Rutland because of its negligence in the discharge of the duty it owed in that transaction, not to him, but to Mortimer and Weathersby alone. 1 Cyc. 215; 1 C. J. 369; 4 Elliott on Contracts, § 3554; 3 Page on Contracts, § 1313; 1 R. C. 94.

[2] But the finding of the court is not to be referred to that transaction alone. He also found, and the finding is not attacked as without the support of testimony, that appellant was guilty of negligence in "reaffirming and recertifying" the abstract to Rutland, after it was informed that he contemplated the purchase of the land and would rely "on the title as shown in the abstract as being true and correct." It cannot be doubted, we think, that if appellant in its business as an abstracter of titles undertook at Rutland's instance, under the circumstances found by the court, to examine, and correct, and complete, if incorrect or incomplete, the abstract it had made for Mortimer and Weathersby, it owed him the duty to make diligent search for all matters of record relating to or affecting the title to the land, and became liable to him for damages he suffered because of its failure to do so. Appellant's duty to Rutland under such circumstances would not be different from the duty it would have owed him had it undertaken to make and furnish him a full and complete abstract of title to the land. Appellant, however, insists it did not undertake, in the contractual sense of the word, to examine and correct and complete the abstract. If it "reaffirmed and recertified" the abstract as found by the court, it insists it did so gratuitously, that therefore no contractual tie was created between it and Rutland, and hence that the only duty it owed him in connection with the transaction was "to be honest with him." But we are of opinion it should not be said on the facts found by the court that appellant's acts in reaffirming and recertifying the abstract at Rutland's instance was without consideration. It appears from the findings that Rutland's attorney when he requested appellant to re-read and re-examine the abstract for the purpose of determining whether it was true and correct or not, explained to appellant's manager

that Rutland had contracted to buy the land if the title on investigation was found to be good, and that he (Rutland) was relying altogether on the abstract for information as to the condition of the title. It further appears that said attorney then offered to pay appellant any reasonable sum for the service, if it complied with his request. And it further appears from the findings that appellant in compliance with such request examined and reread the abstract, and then "reaffirmed said abstract to the said attorney of plaintiff and assured him that said abstract was absolutely correct in every particular, and that plaintiff need have no fear in relying on the title as therein shown." It seems to us that the legal effect of facts found as stated was to show the existence of a valid contract between appellant and Rutland. The former performed service at his request. Even if the latter had not agreed to pay the former for the service, the law would imply an undertaking on his part to do so. If appellant might, when it performed the service, have demanded of Rutland that he pay it a reasonable sum therefor, the fact that, waiving its right, it did not do so would not relieve it of the obligation it incurred when it' undertook to pass upon the correctness and completeness of the abstract presented to it. For reasons indicated by what has been said, the first and second assignments are believed to be without merit. Therefore they are overruled.

[3] The contentions presented by the third and fourth assignments are: (1) That the finding of negligence on the part of appellant in failing to note the trust deed in the abstract was unauthorized because of the absence of testimony showing that said trust deed had been "recorded or indexed in such manner as to make it discoverable by any reasonable search"; and (2) that if it was guilty of negligence in failing to discover and note the trust deed in the abstract, it appeared that the fraudulent conduct of Mortimer, Weathersby, and the Brownings, and not appellant's negligence, was the proximate cause of the loss Rutland sustained. It appears from the record that the trust deed omitted from the abstract was filed for record June 20, 1913, and "was recorded in volume 29, page 256, of the records of Mortgages and Trust Deeds of Wise county." The abstract in question was made in December, 1913, about six months after the trust deed was filed for record. The law required the clerk when the trust deed was filed to record it "without delay," and to enter it in the index he was required to keep. Articles 6790, 6792, 6793, Vernon's Statutes. In the absence of testimony showing the fact to be otherwise, the court, we think, had a right to presume that the clerk discharged his duty and without delay duly recorded the trust deed and noted it in the index. The testimony was sufficient to support the finding of the court that Rutland in buying the land relied upon the abstract as correctly showing the condition of the title, and would not have purchased same had the existence of the trust deed been noted therein. The assignments are overruled.

[4] It is next insisted that appellant, if guilty of negligence as charged against it, was not liable as determined by the judgment, because it did not participate and share in the fruits of the fraud its negligence enabled Mortimer, Weathersby, and the Brownings to practice upon Rutland. To render it liable it was not necessary that appellant's negligence should have been the sole cause of the loss sustained by Rutland. It was sufficient that its negligence concurring with the fraud of Mortimer, Weathersby, and the Brownings caused the loss. 29 Cyc. 496, and authorities there cited; 1 Thompson on Negligence, § 75; 3 Thompson on Negligence, § 2779.

[5] Finally, it is insisted that the judgment is for a sum in excess of that claimed in the petition, and therefore is fundamentally erroneous. This contention is based on the fact that Rutland, though he alleged the damages he claimed to be $2,500, did not state the items thereof further than to allege that he paid "the defendants" $1,800 for the land, and "paid the further sum of $250 on certain other debts against the land which he assumed and agreed to pay." The sufficiency of the petition was not questioned on the ground that the damages claimed were not more particularly stated therein. Testimony on the part of Rutland admitted without objection showed he had suffered damages in the sum of $2,118.25, as found by the court. We do not think the judgment was erroneous as claimed by appellant.

The judgment is affirmed.