### NATIONAL BANK OF GARLAND v. GOUGH. (No. 7805.)

(Court of Civil Appeals of Texas. Dallas. Nov. 3, 1917.)

1. TRIAL ☞382—WITHOUT JURY—DUTY TO PASS ON ISSUES OF FACT.

On trial without a jury, it was the trial court's right and duty to pass on the issues of fact.

2. ABSTRACTS OF TITLE ☞3—LIABILITY OF ABSTRACTOR—CONTRACTUAL CHARACTER.

Though an abstractor is liable for damages resulting from errors or defects in an abstract compiled, furnished, and certified to by him to be true, etc., his liability is contractual, therefore to be measured by the nature, extent, and terms of the employment.

3. ABSTRACTS OF TITLE ☞3—LIABILITY OF ABSTRACTOR—QUESTIONS OF FACT.

In suit against an abstractor for damages from his negligence in the preparation of an abstract, whether or not defendant contracted only to compile abstract covering lands west of a road, and whether he performed, were issues of fact.

4. ABSTRACTS OF TITLE ☞3—LIABILITY OF ABSTRACTOR — CONTRACT — SUFFICIENCY OF EVIDENCE.

In suit against an abstractor for damages from his negligence in the preparation of an abstract, evidence held to support the trial court's finding that defendant contracted only to compile abstract covering lands west of a road.

5. APPEAL AND ERROR ☞690(4) — BILLS OF EXCEPTION TO ADMISSION OF TESTIMONY—NECESSITY OF SHOWING EVIDENCE.

Bills of exception to the admission of testimony which fail wholly to show the facts elicited from the witness are insufficient.

6. ABSTRACTS OF TITLE ☞3 — LIABILITY OF ABSTRACTOR—EVIDENCE—IMMATERIALITY.

In suit against an abstractor for damages resulting from his negligence in preparing an abstract, testimony as to the indebtedness of the owner of the land to plaintiff bank, being immaterial as to defendant's negligence in the compilation of the abstract, was inadmissible.

7. APPEAL AND ERROR ☞1054(1)—HARMLESS ERROR—EVIDENCE.

Error in the admission of immaterial testimony was not prejudicial, where the trial was before the court, particularly where neither of the grounds of the court's judgment could have been based upon the evidence.

Appeal from Collin County Court; H. L. Davis, Judge.

Suit by the National Bank of Garland against J. R. Gough. From a judgment for defendant, plaintiff appeals. Affirmed.

Claude M. McCallum, of Dallas, for appellant. W. R. Abernathy, of McKinney, for appellee.

RASBURY, J. This is an appeal from the judgment of the county court in favor of appellee in a case originating in the justice court, wherein appellant sued appellee for

$116.20 damages, alleged to have resulted from the negligence of appellee in the preparation of an abstract of the title to certain lands in Collin county, the precise ground of negligence being that appellee, who was engaged in the business of compiling abstracts of title to lands, was employed to compile such an abstract to 40 acres of land in the Henry Maxwell survey in Collin county, title to which was claimed by Frank Sachse and in pursuance of which he did compile and deliver to appellant an abstract, which he certified was a complete abstract of all conveyances or other instruments affecting said 40 acres, and relying upon which appellant purchased said 40 acres, paying therefor $70 per acre, but notwithstanding which, it subsequently developed there was on record in Collin county at the time appellee certified and delivered said abstract a deed by Frank Sachse conveying 1.66 acres of said land to J. K. Sachse, unknown to appellee prior to or at the time of its purchase, and by reason of which he was damaged in the price paid therefor. Upon request of appellant the county judge, to whom the case was submitted upon the law and the facts, filed conclusions in both respects, and from which the following essential facts stated in our own language and material to the issues presented are deducible: Frank Sachse on and prior to April, 1908, was the owner of a 40-acre tract of land in the Henry Maxwell survey in Collin county, at which time he conveyed to J. K. Sachse 1.66 acres thereof. The tract of land is intersected by a county road in such manner as to separate in a triangular shape the 1.66 acres from the balance of the tract, leaving the small tract east of the county road, and the remainder west thereof. In November, 1911, Frank Sachse was insolvent and indebted to appellant in the sum of $1,960, at which time appellant contracted with Sachse to purchase all his interest in said 40 acres for $2,800. In pursuance of the contract Sachse and appellant's cashier, A. R. Davis, called on appellee, who was then, and had been for several years, engaged in the abstract business at McKinney, and contracted with appellee to compile an abstract of the title to the lands in Sachse appellant's cashier referring appellee to Sachse for a description of the land he desired abstracted. Sachse directed appellee to abstract only that portion of the 40 acres lying west of the public road, which he did, omitting any reference therein to that portion sold to J. K. Sachse, and forwarded the abstract to appellant, after examination of which, Frank Sachse conveyed the entire 40 acres to said A. R. Davis, appellant's cashier, for a consideration of $2,800, of which amount about $700 was paid in cash, $840 by assuming an existing debt for that amount against the land, and about $1,260 by crediting that amount on Sachse's debt to appellant. Subsequently Davis conveyed the land to appellant for the same consideration. When appellant learned of the conveyance of

the 1.66 acres this proceeding was commenced with the result stated.

After appellant filed its briefs in this court objections to the manner and form of presenting appellant's case therein and to the consideration of certain assignments of error were filed. It is stated by counsel for appellant in his reply thereto and by the clerk of this court that all such objections are waived by counsel for appellee. Accordingly, we pretermit any further discussion of such objections, and will consider all issues presented in the brief on their merits.

[1] By authority of its first assignment and various propositions advanced thereunder appellant, in substance, asserts that it appears from the evidence, without controversy, that appellee was negligent in preparing the abstract relied upon by appellant, and that as a consequence appellant was and is entitled to judgment. There is in the record, we believe, no material uncontroverted fact. Appellant's theory of the transaction as disclosed by its testimony was that appellee was employed to compile a complete abstract of title to the 40 acres of land. Appellee's theory as disclosed by his testimony was that he was employed to compile an abstract of title covering only that portion of the 40 acres of land lying west of the county road. Davis and Sachse testified in support of appellant's theory of what the contract of employment was. Appellee testified in support of his theory. The conflict was presented to the court, a jury not having been demanded, who resolved it in favor of appellee. It was the trial court's right and duty to pass on the issues of fact. Under the finding of the court on the fact issues it occurs to us correct judgment was entered.

[2, 3] While it is not to be denied that an abstractor is liable for any damages resulting from errors or defects in an abstract compiled and furnished and certified to by him to be true, etc., yet his liability is contractual, and as a consequence is to be measured by the nature, extent, and terms of the employment. Decatur Land, Loan & Abstract Co. v. Rutland, 185 S. W. 1064; 1 C. J. 368; 1 R. C. L. 92. The application of the rule in the instant case is that the court found as a fact that appellee contracted only to compile abstract covering the lands west of the county road, and further found as a fact that appellee complied fully with his contract. Whether he did or not was purely an issue of fact, which, when determined as it was in this case, discloses no legal liability.

[4] By the second assignment it is asserted that the judgment of the court is against the preponderance of the testimony, for which reason it should have been set aside. It will serve no good purpose to insert in this opinion in hæc verba the testimony of Davis, Sachse, and Gough on the issue of what were the terms of the latter's employment. It is enough, in order to disclose the state of the testimony, to say that Davis and Sachse testified without qualification and in detail

that appellee was employed to prepare for Davis an abstract to the 40 acres, and that appellee testified without qualification and in detail that while Davis employed him to prepare the abstract, he referred appellee to Sachse for a description of the land, and that in that connection Sachse drew a rough outline of the 40 acres, portraying its intersection by the county road, and directed appellee to omit from the abstract the 1.66 acres east of the road. Thus it is seen that the statements of Davis and Sachse on the one side and appellee on the other are irreconcilably in conflict. Preponderance of evidence is said to be the greater weight of the evidence, or that which is more credible and convincing to the mind, or which best accords with reason and probability. Bouvier. It is also said that "it has become almost a maxim that witnesses are not counted, but that their testimony is weighed." Jones Ev. § 900. Other than the bare statements of the witnesses named there is in the record no fact or circumstance bearing upon the disputed issue that would serve us as a basis for holding that the court's judgment is against the preponderance of the evidence because the statements of Davis and Sachse are more credible and convincing and better accord with reason and probability than the statements of appellee. It cannot be said to be incredible or unreasonable or improbable that Davis or Sachse would desire omitted from the abstract land previously sold to another, since Sachse could not convey nor Davis by Sachse's deed acquire title thereto. For such reasons we believe the evidence fails to present a case authorizing us to set aside the judgment on the ground invoked.

[5-7] The fourth and fifth assignments relate to the admission, over appellant's objection, of testimony relating to the state of accounts between appellant and Sachse covering the time from the contract with appellee and the date of the trial, while the seventh assignment attacks the court's finding in that respect, as being without support in the testimony. While the bills of exception relating to the admission of the testimony are insufficient, in that they fail wholly to show the facts elicited from the witness, and we are, as a consequence, unable to pass upon its materiality, at the same time it does appear from the bill that facts apparently immaterial to any issue in the case were sought to be elicited, since it is difficult to conceive what light Sachse's indebtedness to the bank would throw upon appellee's negligence vel non in the compilation of the abstract. At the same time we are unable to see that the error was prejudicial in view of the fact that the trial was before the court. Further, the court placed its judgment on the grounds: (1) That appellee was not in law liable because he had complied with his contract of employment; and (2) that appellant did not sustain any injury from any negligence on the part of appellee, neither of which could have been based upon the testimony with regard to the state of accounts between appellant and Sachse. The record being as stated, it presents at most harmless error as now defined by rule 62a (149 S. W. x), and does not therefore constitute reversible error. What we have said with reference to the above assignments applies to the disposition of the sixth assignment.

The eighth, ninth, and tenth assignments of error attack the court's findings of fact as without support in the evidence, while the tenth, eleventh, and twelfth assignments attack the court's conclusions of law, but, as presented, are in analysis also attacks upon the sufficiency of the findings of facts as basis for the conclusions of law. In view of what we have already said in reference to the testimony, any extended discussion of the issue so raised is unnecessary. The court's findings of fact depend for their support on the testimony of appellee, and, for the reasons indicated at another place in this opinion, we conclude we are not justified in discarding that testimony as wholly wanting in credibility or reasonableness.

For the reasons indicated the judgment is affirmed.