### GUARANTY ABSTRACT CO. v. DENMAN et al.

No. 6337.

Court of Civil Appeals of Texas. Texarkana.

Feb. 5, 1948.

Lassater, Spruiell, Lowry, Potter & Lasater and Truman Warren, all of Tyler, for appellant.

J. Byron Saunders and Nat Gentry, Jr., both of Tyler, for appellees.

WILLIAMS, Justice.

Guaranty Abstract Company, defendant below, prepared and delivered to R. W. Denman, plaintiff below, a certificate of title which purported to contain in abbreviated form all instruments then of record in Smith County that related to a ¼ interest inherited by one Hilliard Parkinson in a certain 95½ acre tract of the W. F. Craig Survey in Smith County. A warranty deed executed by Hilliard to one Effie Schuyler, now Muckelroy, which on its face purports to convey in fee simple above ¼ interest, and which had been recorded and properly indexed for years, was not shown in the certificate of title, but had been entirely omitted.

After Denman had bought from and paid Hilliard $715 cash for this ¼ interest then purportedly owned by Hilliard,

he brought this action for damages for breach of contract, in which he alleged he "had no knowledge or notice whatever of the condition of the title * * * except the information contained in said certificate of title"; "believed and relied upon the aforesaid representations of the Abstract Company and thereby was induced to believe and did believe that Hilliard had a good and merchantable title * * * and acting upon such belief bought * * * and paid the $715 for the interest * * *." To such allegations, defendant pleaded that at the time Denman obtained the certificate of title he had actual knowledge of the fact of the outstanding deed from Hilliard to Effie, and therefore Denman could not have been damaged by the failure of defendant to show such deed in the certificate of title.

Special Issue No. 1, answered "No" by the jury, inquired if at the time Denman bought the land he had notice of above-mentioned outstanding deed. The burden of proof was placed on defendant. Special Issue No. 2, answered "Yes" by the jury, inquired if Denman, at the time he bought the land, relied upon the certificate of title so furnished. On this issue the burden of proof was placed on plaintiff.

Grounded on an objection made to the submission of Special Issue No. 1, appellant asserts that the court erred "in failing to hold that as a matter of law Denman had knowledge or notice of the outstanding deed" at the time he bought and paid for the land. It is not contended that Denman had actual knowledge of the outstanding deed, but that his knowledge of other acts, conduct and deals of Effie and Hilliard's family were such as to visit or charge Denman with notice of the outstanding deed. Denman admitted he had heard that Hilliard owed Effie some money; that after Hilliard had advised him the title was clear, he ordered the certificate of title and after checking through same bought the interest. His denial of any knowledge of the outstanding deed finds support in the fact that he paid Hilliard the $715 in cash. This testimony, together with the deductions to be drawn therefrom, will not support the

claim that Denman as a matter of law had actual notice, express or implied, of the outstanding deed.

■ The complaint that the court erroneously placed the burden of proof upon defendant to prove the affirmative of Issue No. 1 is overruled. This was a defensive plea urged by defendant in avoidance of plaintiff's claim that he had relied upon the representations contained in the certificate of title.

■ After Denman's discovery of Effie's claim to the land under her deed, he and defendant contacted Hilliard via long distance telephone. Answering a letter from Denman, Hilliard wrote from California that he was sorry about the mistake, and inquired if he would be allowed to pay a large sum very soon and then pay the rest by the month. Later Hilliard appeared in person and tendered $300 in cash and his note for the balance. This Denman refused, for the reason as testified by him, "he had no collateral"; "I told him that I paid cash and that's what I wanted back, wanted to get it all or none." Under the doctrine which imposes a duty on the injured party to exercise ordinary care, prudence and discretion so as to minimize the damages which may accrue to him by reason of the breach of contract, a well-settled principle, appellant, citing 13 Tex. Jur. 106, asserts that the court erred in failing to reduce the judgment by $300 on account of the failure and refusal to accept this amount from Hilliard.

If Denman had been made whole by accepting above tender, it was his duty to have effected such a settlement, 15 Am. Jur. p. 420; 25 C.J.S., Damages, §. 33. No logical reason can be advanced for his refusal other than that the tender was conditional on his acceptance of the promise to pay the balance later. Under the doctrine here urged, an injured party would not be required to sacrifice a substantial right of his own in order to minimize the loss of defendant, that is, to probably cripple his right of action against a defendant financially able to satisfy a recovery for damages by making the proposed settlement with Hilliard when such proposed settlement would involve the additional risk of an unsecured promise to make monthly payments over a probable long period of time. 28 Am.Jur., Damages, Sec. 28. The injured party need not involve himself in such a risk.

The material portions of the certificate of title pertinent to an understanding of appellant's fourth point, wherein it is asserted that the express terms of the certificate of title exempted the Abstract Company from liability for the alleged omission here involved, reads:

"We, The Guaranty Abstract Company, Abstractors * * * do hereby certify that we have examined the records in the office of the County Clerk of Smith County, Texas, and the records of the various offices in said county, in which instruments of writing may be filed for record affecting the title to the following described land, to-wit: (Here follows the description of the land).

"We find the following: (Here follows memo of various recorded instruments).

"We find nothing else of record or filed for record affecting the title to the said land.

"We do not certify as to taxes.

"This certificate is made and evidenced by the acceptance thereof that the undersigned while believing its construction of the records as above set out to be true and correct, still will incur no liability by reason of such construction."

■ It is unnecessary to determine when or under what circumstances above clause with respect to limitation of liability might apply. It is not applicable under this record. No alleged misinterpretation or construction of a deed is involved. The injury complained of here is the result of the omission entirely of this instrument. The abstractor certified that "We have examined the records," and after listing various instruments, certifies "We find nothing else of record or filed for record affecting the title to said land. Denman having paid the Abstract Company the contract fee of $10.00 for the certificate of title, it became liable to Denman for its breach of contract for the damages resulting from the omission of

above vital instrument. The damages in the sum of $715 awarded Denman is affirmed. Decatur Land Loan & Abstract Co. v. Rutland, Tex.Civ.App., 185 S.W. 1064; National Bank of Garland v. Gough, Tex.Civ.App., 197 S.W. 1119; 1 C.J.S., Abstracts of Title, § 11.

The judgment is affirmed.