**MITSUBISHI AIRCRAFT INTERNATIONAL, INC., Plaintiff-Appellant,**

v.

**S. Bud BRADY and Diamond I Ltd., a Delaware Corporation, Defendants-Appellees.**

**No. 85–1029.**

United States Court of Appeals, Fifth Circuit.

Jan. 17, 1986.

---

Pretzel & Stouffer, Chartered, Robert Marc Chemers, Chicago, Ill., for plaintiff-appellant.

Werner A. Powers, Dallas, Tex., for defendants-appellees.

Before GEE and JOHNSON, Circuit Judges, and FISHER,* District Judge.

JOE J. FISHER, District Judge:

Defendants-Appellees moved to dismiss this appeal, claiming that plaintiff-appellant's notice of appeal was untimely filed. Another panel of this court held, in a *per curiam* opinion, that plaintiff-appellant properly filed its notice of appeal within thirty days of the district court's final judgment. *Mitsubishi Aircraft, Ltd. v. S. Bud Brady and Diamond I Ltd.*, 85–1029 (5th Cir. June 17, 1985). That issue, therefore, is moot.

Accordingly, we here consider the appeal on the merits. The following facts are undisputed. Appellant Mitsubishi Aircraft International, Inc. sold a jet aircraft to appellees, S. Bud Brady and Diamond I Ltd. According to the purchase agreement, Brady and Diamond would execute promissory notes to Mitsubishi as consideration for the exchange. Pursuant to a simultaneous lease-back agreement, Mitsubishi would make periodic payments to Brady and Diamond, which would be applied to the promissory notes, interest, and aircraft maintenance.

In an addendum to the original notes, appellees agreed to: (1) establish an interest-bearing escrow account into which the lease payments by Mitsubishi would be deposited; and (2) to obtain an irrevocable letter of credit for $300,000 no later than sixteen (16) months after the date of execution of the original notes.

After title to the aircraft had changed hands, appellees notified appellant that they refused to comply with either the escrow account or letter of credit provisions of the addendum. Some eight months later the parties entered into a second agreement whereby appellees would and, indeed, did execute a new set of notes (Replacement Notes). These notes were to be effective as of the original closing date. Absent from the replacement notes was any

---

* District Judge of the Eastern District of Texas, sitting by designation.

mention of the escrow account or letter of credit.

Under the second contract, the appellant obtained a release of all claims appellees had against it, but there was no mention of releasing appellees from appellant's claims. The replacement notes contained the following provision: "This note supersedes any and all prior notes between the parties hereto including any notes currently on file with the FAA."

Appellant brought suit in the 162nd Judicial District Court of Dallas County, Texas, which suit was thereafter removed to the United States District Court for the Northern District of Texas, Dallas Division. Appellant alleged fraud and breach of contract under the addendum provision of the original notes. In particular, appellant argued that appellees fraudulently induced appellant to enter into the first contract and to transfer title to the aircraft by falsely representing that they would establish the escrow account and obtain the letter of credit. Appellant further alleged that the failure of appellees to abide by the provisions of the addendum was concurrently a breach of contract.

Appellees moved for summary judgment on both causes of action, arguing that the addendum provisions were incorporated only into the original notes and were no part of the replacement notes, which superseded and substituted *in toto* for the original notes. In granting the motion for summary judgment, the district court held that appellant waived any claims it may have under the original notes and was estopped from asserting those claims by reason of the new agreement and appellant's acceptance of the replacement notes.

After the district court entered its summary judgment order, the appellant moved for reconsideration pursuant to *Fed.R. Civ.P. 59(e)* and for leave to amend pursuant to *Fed.R.Civ.P. 15(a)*, asserting for the first time that the replacement notes were accepted under economic duress. The district court denied those motions because they were made after the appellees, with the consent of the appellant, moved the court to dismiss appellees' counterclaims against appellant. Moreover, the district court believed that appellant's economic duress allegation was insufficient to state a cause of action. We affirm the holding of the district court.

Appellant contends that, notwithstanding its acceptance of the replacement notes, it is entitled to recover for fraud and breach of contract under the original notes. We disagree. If a party claims fraud in the inducement of one contract, but then with knowledge of the fraud, enters into a new contract on the same transaction, his claim of fraud in the inducement of the original contract appears frivolous. He has now done what he claimed the fraud tricked him into doing originally. Typically, where a party has been induced by the fraud of another party to enter into a contract and has sustained damages thereby, the defrauded party has two options: he may elect to repudiate the transaction and sue for restitution, or he may stand on the contract and sue for damages in a tort action for deceit. *Andrews v. Powell*, 242 S.W.2d 656, 660 (Tex.Civ.App.—Texarkana 1951, writ ref'd n.r.e.). Likewise, where a breach of contract has occurred, the aggrieved party ordinarily has the right to sue for damages or, where a finding of fraud has been made, to rescind and cancel the contract. *Crabtree v. D.P. Burkett*, 433 S.W.2d 9, 12 (Tex.Civ.App.—Beaumont 1968, no writ). Appellant did not choose to sue for damages or to be placed in status quo.

Instead, appellant entered into a new contract with appellees covering the same subject matter as the first and with full knowledge of the alleged prior fraud and breach of contract. The two addendum provisions upon which appellant predicates its suit were completely deleted from the replacement notes. The trial court held that both of appellant's causes of action, for fraud and breach of contract, were barred as a matter of law on the grounds that the superseding notes substituted *in toto* for the original notes. Necessarily, the later notes were the only ones upon

which suit could be brought. The district court relied upon *Dallas Farm Machinery Co. v. Minneapolis-Moline Co.*, 324 S.W.2d 578 (Tex.Civ.App.—Dallas 1959, no writ), for the proposition that where a party is fraudulently induced to enter into a contract and thereafter with full knowledge of the fraud and breach enters into a new contract covering the same subject matter and containing language that the new contract supersedes the prior one, that party is barred from suing on the prior contract for fraud and breach of contract.[1]

Appellant contends that this is a misapplication of the substantive law of Texas. Attempting to capitalize upon an alleged distinction impliedly made by the *Dallas Farm* court between executory and executed obligations, appellant would have this court interpret *Dallas Farm* as holding that only executory obligations may be reaffirmed in a subsequent contract. And because appellant had already transferred title to the aircraft to appellees by the time appellant acquired knowledge of the fraud, appellant argues that it had no executory obligations to reaffirm in the second contract. Therefore, appellant concludes, the second contract does not substitute for the first. Even if we were to agree with appellant that this is a correct interpretation of *Dallas Farm*, which we do not, it is clear that appellant did reaffirm at least one executory obligation: the obligation to make future lease payments.

■ Appellant argues that a reasonable inference may be drawn that it did not intend to waive its claims under the first contract from the fact that the second contract contained a provision releasing appellant from all of appellees' claims but not one releasing appellees from appellant's claims. We believe the district court was correct when it stated in its memorandum opinion that "silence is insufficient to operate as a continuation of claims from the extinguished agreement." *Mitsubishi Aircraft International, Inc., v. S. Bud Brady and Diamond I Ltd.*, No. 3–84–1121 (N.D. Tex. Oct. 29, 1984). As the Supreme Court stated in *United States ex rel. International Contracting Co. v. Lamont*, 155 U.S. 303, 15 S.Ct. 97, 39 L.Ed. 160 (1884), the abandonment of rights under a contract by executing a later substituted contract is not prevented by protesting that rights still exist under the former. When the parties entered into the substituted agreement there occurred an unconditional rescission of the original agreement. The significance, if any, of the provision releasing appellant from all of appellees' claims is as consideration for the renegotiated agreement. The failure of appellant to similarly release appellees does not, in itself, establish the existence of any claims against appellees.

■ Given the fact that appellant did not choose to stand upon the first contract, or seek restitution, but instead executed a new contract and notes devoid of the two controversial provisions, the inescapable conclusion to be drawn is that the second contract and replacement notes were intended to fully describe the parties' contractual relationship, and their rights and obligations. Therefore, we hold that absent explicit language to the contrary in the superseding contract, the fraud and breach of contract claims which may have existed under the original contract have been abandoned.[2]

---

1. Citing a prior Texas decision, *Teders v. Mercantile Nat. Bank of Dallas*, 235 S.W.2d 485, 488 (Tex.Civ.App.—Dallas 1950, writ ref'd n.r.e.), the *Dallas Farm* court stated that "If one induced by misrepresentations or fraud to purchase or enter into a contract for the purchase of property, thereafter with full knowledge of the deception ... enters into a new contract in respect of the transaction, he thereby relinquishes all right to recover or recoup damages because of the misrepresentations." *Id.* at 581.

2. Appellant's contention that it entered into the substituted agreement so that it might mitigate its claim for damages is without merit. See *Guaranty Abstract Co. v. Denman*, 209 S.W.2d 213, 215 (Tex.Civ.App.—Texarkana 1948, no writ) (an injured party is not required to sacrifice a substantial right of his own in order to mitigate his loss).

Further, appellant contends that the trial court abused its discretion in denying appellant leave to amend its complaint to add a claim of economic duress. The trial court denied appellant's motion for leave to amend because the proffered amendment came after the trial court had granted appellees' motion for summary judgment. We do not believe that the trial court abused its discretion by denying appellant leave to amend under these circumstances. *Fed.R.Civ.P. 15(a)* provides that leave to amend should be "freely given when justice so requires." While cases have held that the district court should err on the side of allowing amendment, leave should not be given automatically. *E.g. Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157 (5th Cir.1982), cert. denied, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983). An economic duress claim, usually apparent at the outset of a case, will normally be aggressively urged by an injured party. Since this was not done, appellant's conduct strongly suggests either a lack of diligence on its part or a lack of sincerity. Also, by the time the motion to amend was filed, there was no longer existent a claim to be amended, since summary judgment was already granted. The allowance of the requested amendment under the circumstances of this case would prejudice appellees if only by requiring the refiling of their counterclaims.

Accordingly, we find no error in the trial court granting appellee's motion for summary judgment and denying appellant leave to amend.

AFFIRMED.