# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2019

Lyle W. Cayce
Clerk

No. 18-11472

United States of America, ex rel, EDWARD HENDRICKSON,

> Plaintiff - Appellant

v.

BANK OF AMERICA, N.A.; WELLS FARGO BANK, N.A.; CITIBANK, N.A.; COMERICA BANK; WELLS FARGO BANK N.A., as successor in interest to Wachovia Bank National Association; JP MORGAN CHASE BANK, N.A.; MANUFACTURERS AND TRADERS TRUST COMPANY; SEACOAST NATIONAL BANK; FIFTH THIRD BANK; PNC BANK, N. A.; THE NORTHERN TRUST COMPANY; FROST BANK; THE AMERICAN NATIONAL BANK OF TEXAS; CENTRUE BANK; AMARILLO NATIONAL BANK;

> Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-292

Before BARKSDALE, STEWART, and COSTA, Circuit Judges.

PER CURIAM:*

At issue is whether the district court properly dismissed, with prejudice, a reverse-false-claims action (pursued under 31 U.S.C. § 3729(a)(1)(G)) on two

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-11472

independent grounds:    the False Claims Act's (FCA) public-disclosure provision, 31 U.S.C. § 3730(e)(4), barred the action; and the complaint failed to plead the alleged scheme with sufficient detail.  AFFIRMED.

I.

Relator Edward Hendrickson, a former fraud investigator in the Department of Veterans Affairs (VA) Office of the Inspector General, alleged 15 banks knowingly and improperly avoided their regulatory obligation to return government-benefit payments they received for beneficiaries they knew to be deceased.  *See* 31 C.F.R. § 210.10(a) (2019) ("A[] [bank] shall return any benefit payments received after [it] becomes aware of the death or legal incapacity of a recipient or the death of a beneficiary, regardless of the manner in which the [bank] discovers such information.").  They had to know so, he alleged, because the Social Security Administration's (SSA) procedures require it to send death notification entries (DNEs) to receiving depository financial institutions, including defendants, once the SSA learns of a recipient's death.

On 23 March 2010, an amendment to the FCA's public-disclosure bar, 31 U.S.C. § 3730(e)(4), became law.  Patient Protection and Affordable Care Act, Pub. L. No. 111-148, § 10104, 124 Stat. 119, 901–02 (2010).  The amendment removed the public-disclosure-bar's jurisdictional provision.  *Abbott v. BP Expl. & Prod., Inc.*, 851 F.3d 384, 387 n.2 (5th Cir. 2017) ("We agree with our sister circuits that the public[-]disclosure bar is no longer jurisdictional.").  Because of the FCA's six-year statute of limitations, Hendrickson's action, filed 2 February 2016, implicates both the former and current versions of that bar, as the district court recognized.

Defendant banks filed, *inter alia*, a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss based on, among other things, the public-disclosure bar, attaching 16 documents they claimed constituted public disclosures, and stating in their supporting brief that "[t]his Court may elect to treat this

2

No. 18-11472

motion as either a Rule 12(b)(6) [motion] or a motion for summary judgment". Resolving the public-disclosure ground first, because it was jurisdictional with respect to the portion of Hendrickson's claims from 2 February to 23 March 2010, the district court dismissed under Rule 12(b)(6) (or, alternatively, converted from a motion to dismiss to summary judgment, as Rule 12(d) requires when considering matters beyond the pleadings, and granted summary judgment) because the public-disclosure bar applied. *U.S. ex rel. Hendrickson v. Bank of Am., N.A.*, 343 F. Supp. 3d 610, 623 n.7, 630 & n.24 (N.D. Tex. 2018). After concluding the documents the banks offered to support their motion constituted public disclosures, it held six of them disclosed substantially the same allegations as the complaint. *Id.* at 625, 628–29. It then concluded Hendrickson was not an original source because he learned of the alleged misconduct through his employment as a VA fraud investigator. *Id.* at 629–30.

In the alternative, the court dismissed Hendrickson's action pursuant to Rules 12(b)(6) and 9(b). *Id.* at 631. It ruled the complaint failed Rule 9(b)'s particularity requirement because, *inter alia*, it failed to distinguish among defendants or present necessary details of the alleged scheme. *Id.* at 632–36.

## II.

In addition to the motion's being properly converted to one for summary judgment, a motion to dismiss based on the FCA's public-disclosure bar is "necessarily intertwined with the merits and is, therefore, properly treated as a motion for summary judgment". *U.S. ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 326 (5th Cir. 2011) (internal quotation marks and citation omitted). A summary judgment is reviewed *de novo* and is proper if, viewing the evidence in the light most favorable to the non-movant, "there is no genuine dispute a[s] to any material fact and the movant is entitled to judgment as a matter of law". *Id.* (citing Fed. R. Civ. P. 56(a)).

The public-disclosure bar has three elements:     (1) a public disclosure    (2) containing "substantially the same allegations" as the complaint, and (3) the relator is not the information's "original source". 31 U.S.C. § 3730(e)(4).  Not disputing that the six documents constituted public disclosures, Hendrickson claims they do not disclose substantially the same allegations as his complaint because they do not reference DNEs or name specific banks.  The banks respond that the documents' disclosures are as specific as the complaint, which fails to allege particular instances of their receiving DNEs or differentiate allegations made against each defendant.

A dismissal pursuant to Rules 12(b)(6) and 9(b) is also reviewed *de novo*. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 & n.8 (5th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).    Hendrickson claims his complaint provided fair notice and sufficiently alleged a fraudulent scheme.  The banks counter that the complaint neither differentiates among them nor alleges any particular facts showing a fraudulent scheme ever existed.  (Although Hendrickson contended at oral argument that Rule 9(b) does not apply to his reverse-false-claim action because, in his view, the operative statute, 31 U.S.C.  § 3729(a)(1)(G), requires proof of breach of an obligation, not proof of fraud, he concedes he did not raise this issue until then.  It goes without saying that we do not consider this belated contention.  *See, e.g.*, *Zuccarello v. Exxon Corp.*, 756 F.2d 402, 407–08 (5th Cir. 1985) (holding issue raised only at oral argument waived).)

Essentially for the reasons stated in the district court's opinion, 343 F. Supp. 3d 610, summary judgment and, in the alternative, Rule 12(b)(6) dismissal were proper.  Further amendment to the complaint would be unavailing following summary judgment because "there [is] no longer existent

No. 18-11472

a claim to be amended". *Mitsubishi Aircraft Int'l, Inc. v. Brady*, 780 F.2d 1199, 1203 (5th Cir. 1986). (In any event, Hendrickson did not seek in district court, and does not seek on appeal, leave to amend.)

### III.

For the foregoing reasons, the judgment is AFFIRMED.


Judge Costa  would affirm only on the ground that the complaint fails to meet Rule 9(b)'s particularity standard.